Commonwealth of Pennsylvania, Department of Revenue *v.* Frank M. Holodnak, Appellant.

Argued October 31, 1975, before Judges WILKINSON, JR., ROGERS and BLATT, sitting as a panel of three.

*Jay Bryan Schiegg,* for appellant.

*James P. Musselman,* Assistant Attorney General, for appellee.

OPINION BY JUDGE ROGERS, November 26, 1975:

The State Secretary of Revenue removed Frank M. Holodnak from his Civil Service position of Field Auditor I attached to the Erie office of the Bureau of Sales and Use Taxes for insubordination and unsatisfactory performance of work. Mr. Holodnak has appealed from an order of the State Civil Service Commission sustaining the Secretary's action. We affirm.

The appellant's sole complaint is that the evidence supporting the Commission's findings that the appellant had insubordinately refused to perform a work assignment and did other work unsatisfactorily is insubstantial. Our duty is simply to determine whether the record con-

tains substantial evidence supporting the Commission's findings; we do not weigh the evidence or determine questions of credibility. *Commonwealth v. State Civil Service Commission and Ladner*, 12 Pa. Commonwealth Ct. 400, 316 A.2d 676 (1974).

Mr. Holodnak was attached to the Erie office of the Bureau of Sales and Use Tax doing field audits. In accordance with a practice of the Bureau, his superiors in late October 1974 assigned him temporarily to the Philadelphia District office to complete a limited number of audits in that City. He did not want to go to Philadelphia and asked to be excused from this duty for a number of reasons of a personal nature.[1] He was not excused and proceeded to Philadelphia where on November 18, 1974 he completed two assignments but failed to perform a third. When he returned to Erie his superiors ordered him to return to Philadelphia and to complete the third audit on December 2, 1974. In response to this directive, Mr. Holodnak composed and delivered to his superiors a memorandum in which he said that he failed to do the audit on November 18, 1974 because the retail store which was the subject of the audit was located in a hazardous neighborhood. In the memorandum, and in his later testimony before the Commission, he based his conclusion that it was unsafe for him to perform the audit on conversations with taxicab drivers and a policeman, who, he asserts, told him that the neighborhood of the establishment was not safe to enter between the hours of 8:00 A.M. and 5:00 P.M.[2] The appellant's memorandum concerning the second Philadelphia visit contains the following sentence: "Under these circumstances I am refusing to do this audit at the Paramount Record Shop

---

1. One asserted reason was his wife's illness, which he was asked, but failed, to substantiate with a medical certificate.

2. One of his superiors testified that the appellant told him that he had been advised that the neighborhood was not safe between the hours of 8:00 P.M. and 5:00 A.M.

site on 1159 South St." It is apparent that neither the appellant's supervisors nor the Commission believed that the appellant entertained any reasonable fear for his personal safety or that the appellant's failure in the first instance and refusal in the second to do the assignment was sincerely motivated by this consideration. The Commission properly noted that in neither instance did the appellant request assistance.

In support of the charge that the appellant performed his work unsatisfactorily, the appointing authority adduced evidence of an almost completely unsatisfactory performance evaluation report, a violation of Bureau procedures concerning personnel matters and other behavior inconsistent with that of an employee sincerely interested in his work for the Commonwealth.

There is substantial evidence supporting the Commission's finding that the Appellant was insubordinate with respect to performing the Philadelphia work assignment and that he persistently performed other work in an unsatisfactory manner, which findings support the Commission's conclusion that the appellant's removal was indeed for just cause. Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. §741.807.

### ORDER

And now, this 26th day of November, 1975, the order of the State Civil Service Commission dated April 11, 1975 is affirmed and the appeal therefrom of Frank Holodnak is dismissed.