Commonwealth of Pennsylvania, Bureau of Employment Security *v.* Henry E. Schreider, Appellant.

Argued January 8, 1976, before Judges CRUMLISH, JR., ROGERS and BLATT, sitting as a panel of three.

*David Zwanetz,* with him *Louis A. Rieffel,* for appellant.

*James J. Morley,* Assistant Attorney General, for appellee.

OPINION BY JUDGE BLATT, April 8, 1976:

Henry E. Schreider, appellant, was employed as an Unemployment Compensation Tax Agent (UCTA) IV in the Bureau of Employment Security, Department of Labor and Industry (Bureau). Two vacancies occurred when the Regional Director (Joseph D. Mina) and the Assistant Regional Director (Edward Bradley) resigned, and each of their positions carried a higher job classification than that of the appellant (UCTA VI and UCTA V, respectively). The appellant and two other individuals (Joseph P. Geoghegan and William E. Cravison) were considered for promotion to the two available positions, and the appellant who was not promoted, appealed to the State Civil Service Commission (Commission). The Commission held a hearing, took testimony and dismissed the appeal.

Our scope of review of a State Civil Service Commission adjudication is limited to a determination of whether or not the constitutional rights of the appellant have been violated, an error of law has been committed or a necessary finding of fact was unsupported by substantial evidence. *Williams v. Civil Service Commission,* 9 Pa. Commonwealth Ct. 437, 306 A.2d 419 (1973). We must examine the record for the purpose of determining whether or not the Commission exercised reasonable discretion in rendering its decision and we will not weigh the evidence and substitute our judgment for that of the Commission. *McClelland v. State Civil Service Commission,* 14 Pa. Commonwealth Ct. 339, 322 A.2d 133 (1974). "Substantial evidence is, of course, more than a mere scintilla. It means such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion." *Acitelli v. Westmont Hilltop School District,* 15 Pa. Commonwealth Ct. 214, 218, 325 A.2d 490, 493 (1974).

The Bureau argues that Mr. Geoghegan and Mr. Cravison were promoted pursuant to Section 501 of the Civil Service Act[1] (Act) which provides, *inter alia,* as follows:

"The commission . . . may permit promotions to be accomplished by any one of the following plans . . . (3) by promotion based upon *meritorious service and seniority* to be accomplished by appointment without examination, if (i) the person has completed his probationary period in the next lower position, (ii) he meets the minimum requirements for the higher position, and (iii) *he receives the unqualified recommendation of both his immediate superior and the appointing authority of his department or agency.*" (Emphasis added.)

The appellant argues that he had greater seniority than they, and that he has also served meritoriously. Actually, all three candidates had received excellent performance evaluation reports and all had tenure in their positions, although the appellant's seniority was slightly greater than that of either of the others.

The Commission found, and it is not challenged in this appeal, that the appellant did not fulfill the requirements of Section 501(3) (iii) of the Act in that he did not receive the unqualified recommendations required for promotion. The Commission also found that both of the appointees: 1) had been certified as being qualified by the State Civil Service Commission; 2) had the unqualified endorsements of their immediate supervisor; and 3) had been promoted by the appropriate appointing authority, as required by Section 501(3). The appellant contends,

---

1. Act of August 5, 1941, P. L. 752, *as amended,* 71 P. S. §741.501.

however, that neither of the other individuals concerned had received "the unqualified recommendation of *both* his immediate superior and the appointing authority of his department or agency."

Upon a careful review of the record, we believe that there is sufficiently substantial testimony and evidence to support the Commission's findings. As to the requirement of the unqualified recommendation of the appointee's "immediate superior," it is clear that Edward Bradley, as Assistant Regional Director, once held this position. However, because both Bradley and Regional Director Mina had tendered their resignations, effective December 25, 1974, it is not clear as to who occupied the position of "immediate superior" as to the appellant and the other applicants in late November and early December of 1974. The Commission, without specifically saying so, apparently based its finding that "[t]he two appointees had the unqualified endorsement of their immediate supervisor" on the testimony of Richard F. Miedrick, Chief of Field Accounting Service, Tax Operations, who was the next superior in the Bureau's chain of command, and it evidently considered Miedrick to have been the applicants' "immediate superior" for the purpose of making the required recommendations. A very careful review of Miedrick's testimony reveals that it was he who had initially recommended both appointees to Director J. E. D'Amelio, who then made the proper requests for personnel action. Miedrick testified that he had discussed the situation earlier with Bradley, Mina and D'Amelio and that they had all, at various times, recommended Geoghegan and Cravison to him. Although Miedrick's recommendations had not been reduced to writing, the Commission found sufficient evidence of their having been made, and, in view of the two resignations which had apparently left Miedrick "in command," we do not believe that the Commission erred in considering the recommendations as having come from the applicants'

"immediate superior." It also seems clear that Paul J. Smith, the Secretary of the Department of Labor and Industry, was the "appointing authority" as required under Section 501(3) and that the Commission considered his action in promoting Geoghegan and Cravison as the unqualified recommendation by the appointing authority, thereby fulfilling the requirements of the statute. Section 501(3) of the Act provides a qualified class of employees from which promotions for positions such as these here concerned may be made, and it allows the reasonable exercise of discretion in promotion matters through the making or refusal of recommendations and appointments. We believe that the Commission did not commit any errors of law in affirming the Bureau's promotions of Messrs. Geoghegan and Cravison, in concluding that their promotions were made in accordance with Section 501(3) of the Act, and in rejecting Mr. Schreider's appeal.

We, therefore, issue the following

ORDER

AND NOW, this 8th day of April, 1976, the order of the State Civil Service Commission, dated May 16, 1975, is hereby affirmed and the appeal of Henry E. Schreider is dismissed.