## Jacob R. Armstrong *v.* Governor's Council on Drug and Alcohol Abuse. Jacob R. Armstrong, Appellant.

Argued September 14, 1976, before Judges CRUM-LISH, JR., WILKINSON, JR., and ROGERS, sitting as a panel of three.

*John O. J. Shellenberger, III,* with him *Stradley, Ronon, Stevens & Young,* for appellant.

*William J. Atkinson,* General Counsel, with him *Vincent X. Yakowicz,* Solicitor General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, October 14, 1976:

Appellant, a Field Representative IV, provisional status, with the position of Chief of Division I of the Bureau of Community Assistance of the Governor's Council on Drug and Alcohol Abuse (Council), was suspended for a five day period, beginning July 31, 1975. Appellant appealed the suspension to the

Civil Service Commission (Commission), which, after a hearing, on January 16, 1976, issued an adjudication and order dismissing the appeal and upholding the suspension.

The Commission found that appellant failed to comply with written orders from the Executive Director of the Council and that the persistent and continuous neglect of appellant to obey lawful and reasonable orders of supervisors was the sole cause for the contested suspension. After a careful review of the record, we find substantial evidence to support these findings. Appellant was ordered to mail his superior a weekly schedule of activities for the following week. He was ordered to write a letter to his staff explaining his role in the reorganization of the office of which he was chief. He failed to comply with either of these directives, although he was repeatedly requested to do so.

At the Commission's hearing, and on appeal, appellant has contended that a cause, if not the sole cause, of disciplinary action against him was his raising of grievances before the Black Caucus.[1] The Commission found to the contrary, and, while evidence exists on both sides, it is not for this court to weigh the evidence and judge credibility in controverted matters of fact, but rather we must affirm where the Commission has a valid basis for its determination. *Commonwealth v. Grant*, 22 Pa. Commonwealth Ct. 582, 350 A.2d 878 (1976); *Department of Revenue v. Holodnak*, 22 Pa. Commonwealth Ct. 106, 347 A.2d 748 (1975).

Appellant further asserts that the Commission erroneously placed the burden on him to produce conclusive and substantial evidence of discrimination or

---

[1] The Black Caucus is comprised of Black state legislators in the Commonwealth of Pennsylvania.

other non-merit factors which he claimed were the basis of his suspension. The burden of proving the charge of discrimination was on the appellant. *Cunningham v. Pennsylvania State Civil Service Commission*, 17 Pa. Commonwealth Ct. 375, 382 A.2d 839 (1975); *Heppel v. Pennsylvania Civil Service Commission*, 17 Pa. Commonwealth Ct. 79, 330 A.2d 304 (1974). While the Commission, in its discussion, states it did not find "conclusive and substantial evidence" on behalf of appellant, it also states it is convinced that his appearance before the Black Caucus was not the root of the suspension. Appellant urges proof by conclusive evidence is too high a standard, and that only a preponderance of the evidence is necessary. Obviously, if the Commission was convinced non-merit factors did not cause the suspension, after deciding credibility, it found the preponderance of the evidence against the appellant.

The appellant further contends that an error of law was committed because the suspension was based, in part at least, on his exercise of free speech and his race, and even if based only partially on such grounds, requires reversal. This argument fails initially for the simple reason that the Commission found, with adequate basis in the record:

"The appellant was not discriminated against, nor were non-merit factors used against him."

Finally, appellant protests the exclusion by the Civil Service Commission of all evidence relating to the nature of his grievances before the Black Caucus. Because the Commission found the suspension was not based on appellant's prior appearance before the Black Caucus, but rather solely on merit factors, such evidence would be irrelevant. Further, appellant failed to properly preserve this issue with offers of proof to the Commission.

Accordingly, we will enter the following

554

## ORDER

Now, October 14, 1976, the order of the State Civil Service Commission, dated January 16, 1976, dismissing the appeal of Jacob R. Armstrong and sustaining the action of the Executive Director of the Governor's Council on Drug and Alcohol Abuse, suspending Armstrong for five days, is hereby affirmed.