Coy Gibson, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued December 5, 1977, before President Judge BOWMAN and Judges CRUMLISH, JR. and BLATT, sitting as a panel of three.

*Richard P. Perna,* for petitioner.

*Robert E. Kelly,* Assistant Attorney General, with him *Robert B. Hoffman,* Assistant Attorney General, for respondent.

OPINION BY JUDGE CRUMLISH, JR., April 18, 1978:

An order of the Pennsylvania Civil Service Commission (Commission) sustaining a decision of the Department of Public Welfare (Appellee/Appointing Authority) finding just cause for the dismissal of Coy Gibson (Appellant) from his Civil Service position with the Commonwealth is the subject of this appeal.

Appellant was an employee of the Philadelphia State Hospital with eight years of experience in its power plant facility. During that period, Appellant was promoted through the ranks from a laborer to a Utility Plant Supervisor I (UPS I). As a UPS I, Appellant was responsible for the daily operation of the plant and in charge of its engineers and firemen. He was dismissed from that position for the stated reasons of incompetence, inability to cope with managerial responsibilities, and poor work performance.

Appellant appealed the Appointing Authority's decision to the Commission alleging that his removal was motivated by racially discriminatory and other non-merit reasons and was, therefore, without just cause. After a hearing, the Commission found that there was no evidence of dismissal for non-merit reasons[1] and

---

[1] The Commission made the following relevant findings of fact:

(9) Appellant caused an increase of $5,500 for emergency gas when he failed to change off gas when temperatures went below 23 degrees;

(10) Appellant made a drawing relating to Fly ash which demonstrated his inability to cope with the problem;

(11) When Appellant was in charge of the plant the blow-down valve on the border was leaking and shut down instead of being repaired;

(12) Appellant failed to identify samples of oil and coal;

(13) While Appellant was in charge of the [P]lant, the records show that there were not enough BTU's in a pound of coal;

(14) Appellant was not able to submit accurate boiler log sheets;

(15) The performance of [A]ppellant with feed-water pumps and failing to make right daily decisions in administration of plant was bad;

(16) Appellant failed to follow instructions and was unable to cope with managerial responsibilities;

(17) There was no convincing evidence of discrimination.

made the following conclusions of law: "(1) Appellant was properly removed under Section 807 of the Civil Service Act [Act][2] . . . , [and] (2) [t]he [A]ppointing [A]uthority did not violate Section 905(a) [sic] of the Civil Service Act[3] . . . by discriminating against [A]ppellant."

Appellant now brings his appeal to us.

It is argued that the Commission's findings and conclusions are not supported by the record and that Appellant was denied the right to fully develop his case below. Appellant contends that none of the Commission's findings of fact, alone or in combination, support its conclusion that he was unable to perform the duties of a UPS I. It is also asserted that the Commission erred in refusing to hear evidence establishing a pattern of harassment and discrimination dating back to 1971.

The Appointing Authority answered by stating that the Commission's decision is supported by substantial evidence and that the Commission properly excluded evidence which was remote and unrelated to Appellant's dismissal.

In reviewing decisions of the Commission, we are governed by Section 44 of the Administrative Agency Law[4] and limited to a determination of whether constitutional rights were violated, an error of law was committed, or a necessary finding of fact was unsup-

---

[2] Section 807 of the Act, Act of August 5, 1941, P.L. 752, as amended, 71 P.S. §741.807, states: "No regular employe in the classified service shall be removed except for just cause."

[3] Section 905.1 of the Act, 71 P.S. §741.905(a), states in relevant part:

No officer or employe of the Commonwealth shall discriminate against any person in recruitment, examination, appointment, training, promotion, retention or any other personnel action with respect to the classified service . . . because of race . . . or other non-merit factors.

[4] Act of June 4, 1945, P.L. 1388, as amended, 71 P.S. §1710.44.

ported by substantial evidence. *See Bureau of Employment Security v. Schreider,* 24 Pa. Commonwealth Ct. 297, 355 A.2d 838 (1976). We may not weigh the evidence or substitute our judgment for that of the Commissioner's. *Schreider, supra.* Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Philadelphia County Board of Assistance v. Cahan,* 24 Pa. Commonwealth Ct. 543, 358 A.2d 440 (1976).

In determining whether Appellant was dismissed for just cause, his conduct must be examined in the light of merit criteria which are job-related and which touch upon competency and ability in some rational and logical manner. *See Department of Justice v. Grant,* 22 Pa. Commonwealth Ct. 582, 350 A.2d 878 (1976).

A careful review of the record discloses that the Commission's findings and conclusions are supported by substantial evidence. We, therefore, must affirm.

It is shown that Appellant had received unsatisfactory performance ratings from the time he assumed the duties of a UPS I; that he did not deal with job-related problems in a competent manner; and that he was unable to adequately perform the duties of a UPS I.

Also, the record fails to sustain Appellant's allegations of racial discrimination. Appellant has the burden of establishing discrimination by the preponderance of the evidence. *See Armstrong v. Governor's Council on Drug and Alcohol Abuse,* 26 Pa. Commonwealth Ct. 550, 364 A.2d 967 (1976). This he has failed to do. Appellant, however, claims that he was unable to prove discrimination by a preponderance of the evidence because he was wrongfully precluded from introducing such evidence by the Commission. This argument is without merit. In an effort to establish a pattern of discrimination and harassment against him

by the Appointing Authority, Appellant attempted to introduce evidence of events which occurred as early as 1971; four years prior to the events here in question. The Commission ruled that the evidence was too remote and therefore not relevant to Appellant's dismissal. There is no error of law in this ruling, and we so hold.

Accordingly, we

### ORDER

AND Now, this 18th day of April, 1978, the decision of the Pennsylvania Civil Service Commission is affirmed.