**John H. WILLIAMS, Jr., Petitioner,**

**v.**

**STATE CIVIL SERVICE COMMISSION, (State Correctional Institution at Pine Grove, Department of Corrections), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 13, 2002.

Decided Nov. 19, 2002.

Joseph R. Green and Richard J. Green, Jr., Johnstown, for petitioner.

Frederick C. Smith, Jr., Harrisburg, for respondent.

Before: COLINS, President Judge, and SMITH–RIBNER, J., and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

John H. Williams, Jr. (Petitioner) petitions for review of an order of the State Civil Service Commission (Commission) which denied his appeal nunc pro tunc on the basis that it was filed more than twenty days after the Department of Corrections (DOC) discharged him from his position as a corrections officer. We affirm.

Petitioner was advised by letter dated March 27, 2001, that during a March 20, 2001 Preliminary Hearing before a District Justice, he was charged with: one Count of Rape (Felony 1), one count of Sexual Assault (Felony 2), one count of Aggravated Indecent Assault (Felony 2), one count of Involuntary Deviate Sexual Intercourse (Felony 2) and one count of Indecent Assault (Misdemeanor 2) for having non-consensual sex with another DOC employee on the grounds of the State Correctional Institution–Cresson. Petitioner was advised that these actions were in violation of the DOC's Code of Ethics in addition to the Governor's Code of Conduct. However, the letter also stated that: "Irrespective of the work-related criminal charges filed against you, the violations of the Code of Ethics listed above are sufficient to merit your removal." Accordingly, the DOC advised Petitioner that he was being terminated from his employment and informed him that his "Civil Service Appeal Rights are explained in Part III, of SCSC–4112, copies of which are attached." On November 2, 2001, the District Attorney's office reduced the charges against Petitioner to two counts of the summary offense of Disorderly Conduct and two counts of the summary offense of Harassment. On November 15, 2001, Petitioner pled guilty to these charges.

On February 8, 2002, Petitioner filed an Appeal Nunc Pro Tunc with the Commis-

sion requesting a hearing and asserting that:

because of the seriousness of the charges, and the lack of time between the Preliminary Hearing before the Magistrate on March 20, 2001, and the Superintendent's Conference on March 23, 2001, he could not respond other than as he did, i.e. deny the charges. This Appeal is late for the same reasons. [Petitioner] could not possibly prove to this Board within twenty (20) days of his termination, until he had proof of his innocence, i.e. the withdrawal and reduction of the charges against him by the Common Pleas Court of Cambria County. This was the only defense, after proper investigation available to him, and this was not available within the time frame of his Appellant rights.

By order mailed March 26, 2002, the Commission issued an order denying Petitioner's request for a hearing because his appeal was filed beyond the twenty-day time limit. On April 9, 2002, Petitioner filed a Petition for Reconsideration asserting that he "was also advised by his supervisors at S.C.I. Pine Grove that an Appeal to the Commission should not be filed until his criminal charges were disposed of." By letter dated April 23, 2002, the Commission denied Petitioner's Petition for Reconsideration. This appeal followed.[1]

On appeal, Petitioner argues that he is entitled to a hearing nunc pro tunc because he was advised by a supervisor that he should wait until his criminal charges were resolved before filing an appeal. Petitioner also argues that the Commission violated his due process rights because it neither granted him a hearing nor did it explain its justification for denying his appeal nunc pro tunc. Therefore, Petitioner asks that this Court reverse the order of the Commission and remand this case to the Commission for a full evidentiary hearing.

The twenty day time limit for appeals is set forth in Section 951(a) of the Civil Service Act,[2] which provides, in relevant part, that:

(a) Any regular employe in the classified service may, *within twenty calendar* days of receipt of notice from the appointing authority, appeal in writing to the commission . . .

71 P.S. § 741.951(a) (emphasis added).

Although his appeal was filed beyond the twenty day time limit set forth in Section 951 of the Civil Service Act, Petitioner argues that he is entitled to a hearing nunc pro tunc. Petitioner explains that he waited to file an appeal on the advice of a supervisor and further asserts that this advice was correct because he was dismissed pursuant to Section 7.173 of the Governor's Code of Conduct, which provides that:

As soon as practicable after an employe has been formally charged with criminal conduct related to his employment with the Commonwealth or which constitutes a felony, the employe shall be suspended without pay. *If the charge results in conviction in a court of law, the employe shall be terminated.*

4 Pa.Code § 7.173 (emphasis added).

 First, we note that this advice, if in fact it was given, would not be correct.

---

**1.** Our scope of review of a determination of the Civil Service Commission is limited to determining whether constitutional rights have been violated, an error of law has been committed and whether necessary findings of fact are supported by substantial evidence.

*Chittister v. State Civil Service Commission,* 789 A.2d 814, 817 (Pa.Cmwlth.2002).

**2.** Act of August 5, 1941, P.L. 752, *added by* the Act of August 27, 1963, P.L. 1257, *as amended,* 71 P.S. § 741.951(a).

As we stated in *Aiello v. Department of Environmental Resources*, 122 Pa.Cmwlth. 216, 551 A.2d 664, 665 (1988), the Governor's Code of Conduct "is not a statute but an executive order which has been codified in the Pennsylvania Code. *Sever v. Department of Environmental Resources*, 100 Pa. Cmwlth. 217, 514 A.2d 656 (1986). As such, it does not take precedence over statutory provisions to the contrary." The statutory provision regarding the removal of civil service workers is Section 807 of the Civil Service Act, which provides that: "No regular employe in the classified service shall be removed except for just cause." 71 P.S. § 741.807. Furthermore, it is well-settled that a civil service employee need not be convicted of the crimes with which he has been charged in order to be dismissed. *See Bureau of Corrections v. Grant*, 22 Pa.Cmwlth. 582, 350 A.2d 878 (1976). It is also well-settled that an employee must be given notice of the charges against him and a full opportunity to appeal any disciplinary action. *Lylo v. Department of Environmental Resources*, 83 Pa.Cmwlth. 101, 477 A.2d 897, 900 (1984).

■ Despite the fact that the removal letter mentions the Governor's Code of Conduct, it also states that: "*Irrespective* of the work-related criminal charges against you, the violations of the Code of Ethics ... are sufficient to warrant your removal." (emphasis added). This indicates that Petitioner was discharged for "just cause." Notwithstanding the Governor's Code of Conduct, the DOC was not required to wait until Petitioner was convicted of the crimes with which he was charged before terminating his employment because Petitioner was discharged for "just cause." *Grant.* Further, because Petitioner was advised of his right to appeal his discharge, his due process rights were not violated by the DOC. *Lylo.*

■ Second, appeals nunc pro tunc are generally only granted when it is shown that the appeal was not timely filed because of some wrongful, negligent or fraudulent conduct on the part of the administrative agency. *See Roderick v. State Civil Service Commission*, 76 Pa.Cmwlth. 329, 463 A.2d 1261, 1263 (1983). In *Roderick*, the employee failed to report to work for five consecutive days without giving notice. Her employer, the Department of Labor and Industry, Office of Employment Security (OES), notified her by letter that her actions constituted a voluntary resignation from her job. The employee apparently contacted the OES's regional director, who allegedly told her to take an appeal for reinstatement in writing with the manager of the office where she was employed. Some time later, however, the Chief Counsel of the Department of Labor and Industry called the employee's attorney to inform the employee that her appeal should have been taken with the Civil Service Commission rather than OES. However, because the twenty day time limit had expired, the Chief Counsel informed the employee's attorney that he would have to file a petition for an appeal nunc pro tunc with the Commission. The employee's attorney followed the Chief Counsel's advice and filed an appeal. The Commission, without holding a hearing, denied the employee's appeal nunc pro tunc.

On appeal, we vacated the order of the Commission and remanded the case to the Commission to conduct a hearing because the employee "clearly alleged misdirection by the appointing authority with respect to her efforts to appeal her termination ... The OES ostensibly knew Petitioner was pursuing the wrong avenue of appeal ... and chose not to divulge the error to her until after several contacts had been made by Petitioner's lawyer. This compounds

the alleged transgression. In light of this … we find that Petitioner has made allegations that warrant a hearing and appropriate findings of fact and conclusions of law pertaining to the reasons for the untimely appeal and whether they justify the grant of an appeal nunc pro tunc." *Id.* at 1263–1264.

■ *Roderick* is the only case with a factual situation similar to the one in the case *sub judice*. However, unlike *Roderick*, in this case there is no corroborative evidence to back up Petitioner's claim that he was actually told to wait to file an appeal until his criminal charges were resolved. We note that Petitioner did not make this allegation until he filed his petition for reconsideration and has not named the person who allegedly gave him this advice or provided any other evidence to support this claim. Second, even if Petitioner was given this erroneous information, he was clearly notified in writing that he had to file an appeal within twenty days. No such notice occurred in *Roderick*. Third, unlike *Roderick*, there is no evidence that the DOC knew Petitioner was being misled about his appeal rights. For these reasons, *Roderick* is distinguishable. Therefore, we conclude that the Commission did not err by denying Petitioner's appeal nunc pro tunc.

Accordingly, the order of the Commission is affirmed.

### ORDER

AND NOW, November 19, 2002, the order of the State Civil Service Commission docketed at Appeal No. 22616 and dated March 19, 2002 is hereby AFFIRMED.