IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sean M. Donahue,             :
          Petitioner      :
                             :
      v.                :
                             :
Office of Administration and   :
PA Department of Human Services,   :   No. 295 M.D. 2021
          Respondents   :   Submitted: April 1, 2022

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                     FILED: June 3, 2022

Sean M. Donahue (Donahue), proceeding *pro se*, petitions for review of the August 19, 2021 order of the State Civil Service Commission (Commission) that granted the Office of Administration's (OA) motion to dismiss his appeal as moot in light of this Court's decision in *Donahue v. State Civil Service Commission (Department of Human Services)* (Pa. Cmwlth., No. 296 C.D. 2020, filed April 22, 2021) (April 2021 *Donahue* Decision). Upon review, we affirm, albeit on different grounds.[1]

---

[1] "This Court may affirm on grounds different than those relied upon by the court or agency below if such grounds for affirmance exist." *Smart Commc'ns Holding, Inc. v. Wishnefsky*, 240 A.3d 1014, 1016 n.2 (Pa. Cmwlth. 2020) (quoting *Motor Coils MFG/WABTEC v. Workers' Comp. Appeal Bd. (Bish)*, 853 A.2d 1082, 1087 n.9 (Pa. Cmwlth. 2004) (brackets omitted)).

## I. Background

The basic facts and procedural posture underlying this matter are not in dispute and are summarized as follows.[2]

Prior to the events giving rise to the instant matter, in July of 2018, Donahue applied to fill a posted Income Maintenance Caseworker position within the Department of Human Services (Department), Lackawanna County Assistance Office (July 2018 position), which job listing included a hiring preference for eligible candidates residing in Lackawanna County. The OA ruled Donahue ineligible for the July 2018 position, which determination Donahue appealed to the Commission in August 2018 (Appeal No. 30012), alleging, *inter alia*, that he had been discriminated against based on the Department's application of county preference[3] and veterans' preference[4] in hiring practices. The Commission

---

[2] We note that this Court has previously set forth the facts and procedural history of this matter at length multiple times in *Donahue v. Pennsylvania Governor's Office of Administration* (Pa. Cmwlth., No. 518 M.D. 2020, filed January 15, 2021) (January 2021 *Donahue* Decision), and more recently in *Donahue v. Office of Administration and PA Department of Human Services* (Pa. Cmwlth., No 295 M.D. 2021, filed November 30, 2021) (November 2021 *Donahue* Decision).

[3] "County preference" refers to Section 2301(b) of what is commonly known as the Civil Service Reform Act, which provides, in pertinent part:

> An individual applying for a position or promotion in the classified service shall be a resident of this Commonwealth or former resident of this Commonwealth who meets the requirements of this subsection and, if applicable, of the district.

71 Pa.C.S. § 2301(b)(1). The General Assembly repealed the former Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended*, *formerly* 71 P.S. §§ 741.1-741.1005, by the Act of June 28, 2018, P.L. 460, effective March 28, 2019. The subject matter of various provisions of the former Civil Service Act may be found in Title 71, Part III of the Pennsylvania Consolidated Statutes, relating to Civil Service Reform.

[4] "Veterans' preference" refers to Section 7104 of what is commonly referred to as the Veterans' Preference Act, which provides, in pertinent part:

2

conducted an appeal hearing and issued an adjudication and order on February 21, 2020, wherein the Commission dismissed Appeal No. 30012 because Donahue was not a resident of Lackawanna County. Donahue appealed the Commission's adjudication and order to this Court. OA filed an application for relief in the nature of a motion to quash, or, alternatively, preliminary objections.

During the time he was prosecuting his challenge to his eligibility for the July 2018 position in Appeal No. 30012, on November 7, 2019, Donahue applied to fill a different Income Maintenance Caseworker position within the Lackawanna County Assistance Office (November 2019 position),[5] which job listing also included a hiring preference for eligible candidates residing in Lackawanna County. The November 2019 position forms the basis of the instant litigation and opinion.

On November 13, 2019, OA informed Donahue that, because he was not a Lackawanna County resident, he would not be referred to the Department for the November 2019 position. On November 27, 2019, Donahue appealed this determination to the Commission (Appeal No. 30425), again alleging discrimination based on the application of county preference and veterans' preference points to be applied in hiring practices.

On January 15, 2020, the Commission granted Donahue an appeal hearing in Appeal No. 30425 to determine the issues of his eligibility for the

---

> Whenever a veteran possesses the requisite qualifications for appointment to a public position that is not subject to civil service appointment examination and the veteran is otherwise eligible for appointment, the appointing authority in making the appointment shall give preference to the veteran.

51 Pa.C.S. § 7104(a).

[5] Job Number R-2019-58384-447720.

caseworker position and the alleged denial of Donahue's purported veterans' preference for the caseworker position. Originally scheduled for May 27, 2020, the Commission continued this appeal hearing indefinitely when the COVID-19 pandemic began in March of 2020.

On August 13, 2020, the Commission notified the parties to Appeal No. 30425 of its plan to begin scheduling appeal hearings via Skype video conference. Donahue requested a status update regarding subpoena requests he had previously submitted in this matter. On August 13, 2020, Donahue proposed to the Commission that the parties stipulate as to the issues in Appeal No. 30425. He also requested that the Commission file a declaratory judgment action in the Court of Common Pleas of Lackawanna County for the purpose of securing a declaration that the Department and OA may not impose county preference over veterans' preference in hiring for any state civil service jobs. Donahue also filed a single motion that sought both declaratory judgment and interlocutory appeal with the Commission, which Donahue titled a "Motion for [the Commission] to Seek Declaratory Judgment" and a "Motion for Interlocutory Appeal" (Dual Motion). OA submitted objections to Donahue's subpoena requests on August 20, 2020, and filed a response with the Commission on August 24, 2020, that addressed Donahue's various requests and motions regarding Appeal No. 30425. On August 31, 2020, the Commission issued an order denying the Dual Motion. Donahue appealed to this Court.

In the meantime, in a memorandum opinion dated April 22, 2021, this Court granted OA's motion to quash the appellate portion of Donahue's petition for review and also sustained OA's preliminary objections and dismissed the original jurisdiction portion of the petition for review in Donahue's case involving Appeal No. 30012. *See* April 2021 *Donahue* Decision. This Court specifically held in the

4

April 2021 *Donahue* Decision that "the use of county residence restrictions in hiring is authorized by the former Civil Service Act and the Commission's regulations." *See id.*, slip op. at 13.

Thereafter, the Commission rescheduled the appeal hearing on Appeal No. 30425 for August 21, 2021. OA, as it had in Appeal No. 30012, again filed with the Commission a motion to quash, or, alternatively, preliminary objections with the Commission, this time based on this Court's April 2021 *Donahue* Decision. In its motion, OA argued that Appeal No. 30012 had presented the same residency-based eligibility claims that Donahue was forwarding in the instant matter, Appeal No. 30425.

On August 19, 2021, the Commission granted OA's motion to quash.[6] *See* November 2021 Donahue Decision, slip op. at 6. In granting OA's motion, the Commission concluded that Donahue's arguments in the instant matter were moot in light of the April 2021 *Donahue* Decision, which the Commission determined involved appellate claims identical to those presented in this instant matter, although in relation to a different Income Maintenance Caseworker position. On September 4, 2021, Donahue timely appealed to this Court.[7]

---

[6] Donahue had filed extensive objections to OA's motion to dismiss on July 30, 2021. *See* November 2021 *Donahue* Decision, slip op. at 6; *see also* Appellant's Objection to OA's July 29, 2020 Motion to Dismiss.

[7] Donahue timely appealed the Commission's August 19, 2021 order granting OA's motion to dismiss by filing a dual jurisdiction petition for review entitled "Appeal from [Commission] Decision at [Commission] AP 30425 and Request for Declaratory Judgement." In response to Donahue's filing, on October 1, 2021, OA filed an application entitled "Application for Relief in the Nature of a Motion to Quash or, Alternatively, Preliminary Objections" (Application for Relief). This Court decided the Application for Relief in the November 2021 *Donahue* Decision, which sustained OA's preliminary objections and dismissed Donahue's request for declaratory relief in this Court's original jurisdiction, but denied OA's motion to quash Donahue's appeal of the Commission's August 19, 2021 order. *See* November 2021 *Donahue* Decision, slip op. at 9 & Order. We address Donahue's outstanding appellate claims herein.

## II. Analysis

On appeal,[8] Donahue claims that the Commission committed an error of law by dismissing his appeal. *See* Donahue's Brief at 5-11. Essentially, Donahue claims that the use of county preference in civil service hiring determinations discriminates against all Pennsylvanians who do not reside in the preferred county. *See id.* Both OA and the Commission respond that this matter is moot pursuant to this Court's April 2021 *Donahue* Decision.[9] OA also argues that the doctrine of collateral estoppel bars Donahue's claims in the instant matter.[10]

Initially, we do not agree with the Commission or OA that the principle of mootness applies to the instant matter. We observe that, as a general rule, an actual case or controversy must exist at all stages of the judicial process or a case will be dismissed as moot. *In re Gross*, 382 A.2d 116, 119 (Pa. 1978). Cases that present an issue of mootness involve litigants that had standing to sue at the outset of the litigation but, after the lawsuit has gotten underway, changes in the facts or in the law occur that may deprive the litigant of the necessary stake in the outcome. *Id.* If a change in facts or law renders it impossible for the court to grant relief, then the question is moot. *Id.* at 120.

We acknowledge that the appeal considered in the April 2021 *Donahue* Decision – Appeal No. 30012 – and the instant matter – Appeal No. 30425 – concern

---

[8] We review the Commission's decision to determine whether constitutional rights have been violated, whether an error of law has been committed, or whether the Commission's factual findings are supported by substantial evidence. *Williams v. State Civ. Serv. Comm'n*, 811 A.2d 1090, 1092 n.1 (Pa. Cmwlth. 2002).

[9] *See* OA's Brief at 9-12; Commission's Brief at 9-15.

[10] *See* OA's Brief at 12-14.

identical claims regarding the application of county preference versus veterans' preference in relation to exceptionally similar factual scenarios. Despite the fact that the jobs involved in each case appear to be for effectively the same job description sought to be filled at different times, the listings are not for the same position. Each listing, and therefore each appeal, involves a separate, distinct job opportunity. Additionally, like all applicants for posted civil service job openings, Donahue maintains the option to challenge, on the basis of discrimination, his non-selection to positions for which he applies. *See Price v. Luzerne/Wyoming Cntys. Area Agency on Aging*, 672 A.2d 409, 413 (Pa. Cmwlth. 1996); *see also* Section 905.1 of the former Civil Service Act.[11] While it may illustrate the likely outcome of making nearly identical claims in almost identical circumstances, the April 2021 *Donahue* Decision does not render such claims moot or otherwise eliminate Donahue's right to challenge his non-appointment to positions in the civil service for allegedly discriminatory behavior. Otherwise stated, the likely futility of Donahue's discrimination claim regarding Appeal No. 30425 does not extinguish Donahue's right to bring it. Accordingly, the Commission erred by granting OA's motion to dismiss Appeal No. 30425 on the basis of mootness.

---

[11] Added by the Act of August 27, 1963, P.L. 1257, *formerly* 71 P.S. § 741.905a. Section 905.1 of the former Civil Service Act provided:

> No officer or employe of the Commonwealth shall discriminate against any person in recruitment, examination, appointment, training, promotion, retention or any other personnel action with respect to the classified service because of political or religious opinions or affiliations[,] because of labor union affiliations[,] or because of race, national origin[,] or other non-merit factors.

*Id.* Section 951(b) provided that any person who was aggrieved by an alleged violation of Section 905.1 could appeal in writing to the Commission within 20 calendar days of the alleged violation. *Formerly* 71 P.S. § 741.951(b).

While not moot, however, Donahue's claim that the county preference employed in the selection process for the caseworker position for which Donahue applied violates veterans' preference is subject to collateral estoppel, also known as issue preclusion. The doctrine of collateral estoppel precludes relitigation of an issue where: (1) the identical issue was decided in a previous matter; (2) there was a final judgment on the merits in the previous matter; (3) the party to be estopped was a party to the previous matter, or in privity with a party to the previous matter; and (4) the party to be estopped had a full and fair opportunity to litigate the issue and question in the previous matter. *Belote v. State Harness Racing Comm'n*, 688 A.2d 264, 267 (Pa. Cmwlth. 1997).

Here, the elements of collateral estoppel have been met in relation to Donahue's claim in Appeal No. 30425 that he was discriminated against by the application of county preference over veterans' preference in the selection process for the caseworker position for which he applied. The Commission addressed the exact same claim in its determination of Appeal No. 30012, namely whether the application of county preference offends veterans' preference in the civil service hiring process. Donahue was a party to Appeal No. 30012 and had a full and fair opportunity to litigate the issue, which he did at a full appeal hearing. The Commission issued a final determination on the merits of the issue, which this Court upheld, specifically finding that the use of county preference to compile certified lists of eligible candidates from which to select civil service hires for posted positions was appropriate and did not conflict with veterans' preference. *See* April 2021 *Donahue* Decision, slip op. at 7-10 & 13. Accordingly, as all requirements for

collateral estoppel have been satisfied, Donahue is estopped from relitigating the same issue in the instant matter.[12]

### III. Conclusion

Because Donahue is estopped from relitigating his claims challenging the use of county preference in the hiring process related to Appeal No. 30425, we affirm the Commission's August 19, 2021 order.[13]

---

[12] We further note that, even if not estopped, Donahue's claim would fail for the same reasons enunciated by this Court in the April 2021 *Donahue* Decision. *See* April 2021 *Donahue* Decision, slip op. at 7-10 & 13.

[13] Outside of the issues precluded by collateral estoppel, we acknowledge that Donahue also claims that he should have been appointed counsel to represent him in this matter. *See* Donahue's Brief at 6. However, Donahue points to no provision of the Civil Service Act that provides for the appointment of counsel to *pro se* litigants, and this Court has found none. Accordingly, this claim is without merit.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sean M. Donahue, : 
                  Petitioner : 
                                    : 
         v. : 
                                      : 
Office of Administration and : 
PA Department of Human Services, :   No. 295 M.D. 2021 
                    Respondents : 

PER CURIAM

## O R D E R

        AND NOW, this 3rd day of June, 2022, the August 19, 2021 order of the State Civil Service Commission is AFFIRMED.