Marcus, Appellant, *v.* Cohen et al.

Submitted October 3, 1928.

Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*Edward Tolen,* for appellant, cited: Cameron v. Fishman, 291 Pa. 12 (Syl. 5); Harris v. Mercur, 202 Pa. 313; Kaumagraph Company v. Thissen Silk Company, 42 Pa. Superior Ct. 110; Kerr v. Rodgers, 9 Phila. 525.

No appearance and no printed brief for appellee.

OPINION BY TREXLER, J., November 21, 1928:

This was an action in assumpsit brought in a Magistrate's Court of Philadelphia County on or about August 25th, 1927, against Abraham Cohen, Herman Darling and Victor Silberman, trading as the Germantown Laundry. Judgment was entered on October 19, 1927, against all the defendants. They failed to take an appeal within the twenty days fixed by law. On the 23rd of November, almost a month after the period of appeal had passed, Abraham Cohen, one of the defendants, presented his petition to the Municipal Court asking for the allowance of an appeal nunc pro tunc, and a rule was entered to show cause why the prayer of the petition should not be granted. On the 2nd of December, the rule was made absolute. From this order the plaintiff appealed.

The petition recites that the summons was issued and judgment was entered on October 18th, that on October 4th, the defendant, Abraham Cohen, met with an accident which confined him to his bed and to his home from that time until the time when the petition was presented, that by reason of the injuries sustained, he was unable to attend the hearing before the Magistrate or to present himself at the office of the Magistrate for the purpose of taking an appeal from the said judgment and that the deponent has a complete defense to plaintiff's claim, the nature of which is that the defendant was in the laundry business and whilst there had certain articles belonging

to the plaintiff which were destroyed by fire without any negligence on the part of the defendant.

It will be observed that this suit was brought against the defendants trading as the Germantown Laundry. There were three defendants who were charged with the duty of seeing that an appeal was taken, if they wished to contest the correctness of the Magistrate's judgment. The petitioner studiously omits any reference to his partners. He refers to himself as "Abraham Cohen, trading as the Germantown Laundry." He does not explain why the other defendants paid no attention to the suit. His assertion, therefore, that he was sick and was unable to go to the Magistrate's office for the purpose of taking an appeal loses its force. The defendants knew that the judgment had been entered and presumably knew that the time of appeal was expiring. Although sick and confined to his bed in his home, the appellant could have sent for one of his co-defendants and perfected the appeal or his attorney or agent could have done it for him. See Act of March 23, 1903, Sec. 1, P. L. 61. The appeal from a Magistrate's Court is regulated by the same law as applies to Justices of the Peace. Act of May 10, 1927, P. L. 866, Sec. 10. After he knew the judgment was entered, he waited almost a month before presenting his petition. There is no reason assigned why this delay occurred. He was just as able to present his petition the day the statutory period of taking the appeal had expired, as a month later.

"Where an act of assembly fixes the time within which an act must be done, as for example, an appeal taken, courts have no power to extend it, or to allow the act to be done at a later day, as an act of indulgence. Something more than mere hardship is necessary to justify an extension of time, or its equivalent, an allowance of the act nunc pro tunc." Wise v. Cam-

bridge Springs Borough, 262 Pa. 139. Where there is fraud practiced or the defendant is misled by the Magistrate such appeal may be allowed, but there must be fraud or its equivalent. The authorities are reviewed in the above case and the statement is made that the court "can no more enlarge the time than he can legislate in any other matter."

The judgment is reversed and the record remitted with direction that the appeal from the Magistrate's judgment be stricken off.