### Shamokin Packing Company v. Ufer

*A. O. Wisansky*, for petitioner.

*E. W. Shoemaker*, for respondent.

HOUCK, J., June 24, 1935.—Summons in assumpsit before the justice of the peace was issued on December 19, 1934, and was served personally on December 20, 1934. Defendant did not appear, and judgment was rendered in plaintiff's favor on December 26, 1934. Execution issued and was returned "no goods". On January 22, 1935, attachment execution issued. On January 28, 1935, defendant presented a petition for the allowance of an appeal from the justice's judgment nunc pro tunc, in

which she alleges that she is not indebted to plaintiff, that she was not informed of the contents of the summons, and that she was in poor health and unable to leave the house when the summons was served. A rule was granted and depositions were taken.

It is not denied that the summons was served on December 20, 1934. Defendant's only excuse for failure to take any action is that she is unable to read; that she put the summons in the cupboard to show to her husband when he returned from work and when she looked for it in the evening she was unable to find it. She says that the first knowledge she had of the action against her was when she received notice from her bank on January 22, 1935, that her funds had been attached. Obviously, sufficient reason has not been shown for allowing an appeal nunc pro tunc. While the allowance of an appeal nunc pro tunc is a matter for the exercise of sound discretion, something more than mere hardship must be shown. "Where there is fraud practiced or the defendant is misled by the Magistrate such appeal may be allowed, but there must be fraud or its equivalent": Marcus v. Cohen et al., 94 Pa. Superior Ct. 383, 386. In the case we are considering there is no pretense that any fraud was practiced nor was anything done to mislead the defendant. Admittedly, she received a copy of the summons, and, if she had any defense to the action, it was her duty to present it at the required time or to appeal within the statutory period. In the absence of sufficient excuse for her failure to do either, she may not be permitted to appeal after the time fixed by the statute has expired: Federal Discount Company v. Oldinsky et al., 33 Schuyl. L. R. 175; McLaughlin v. Orms, 34 Schuyl. L. R. 89. The rule must be discharged.

And now, June 24, 1935, the rule to show cause why an appeal should not be allowed nunc pro tunc is discharged at petitioner's cost.