## Gulf Refining Company v. Fudge

*V. J. Dalton*, for plaintiff.

*Joseph G. Seesholtz*, for defendant.

PALMER, J., September 9, 1935.—On November 17, 1933, Alderman Shimer, of the City of Pottsville, entered judgment in favor of the plaintiff and against the defend-

ant because of the failure of the defendant to appear and file an affidavit of defense to a summons and statement of claim in an action in assumpsit.

No appeal from this judgment was taken by the defendant within the time fixed by law.

Execution subsequently issued, and on September 28, 1934, the defendant presented a petition to us averring therein that he had never been served with a summons in the suit instituted by the plaintiff upon which judgment had been entered, and upon this petition a rule issued to show cause why an appeal nunc pro tunc should not be allowed from the judgment entered.

Depositions were later taken in support of the averments of facts contained in the petition, at which time the petitioner, Joseph Fudge, testified that he had never been served with a summons to appear and defend the suit of the plaintiff.

This testimony was not contradicted.

He said, also, that he had no knowledge of the suit against him until Constable Sauers, armed with a writ of execution, came upon his premises to make a levy on his goods.

At the hearing on the rule to show cause why an appeal nunc pro tunc should not be allowed, the record of the return of service was not introduced in evidence by either the petitioner or the plaintiff. The plaintiff, in his brief, contends for the application of the rule of law laid down by Judge Hicks in the case of Federal Discount Co. v. Oldinsky et al. (no. 503, May term, 1935, Court of Common Pleas of Schuylkill County), wherein it is held that where a constable's return is regular on its face, showing service, parol evidence will not be permitted to contradict it, citing Wetherhold v. Rex, 3 D. & C. 382, and that in such a case "the relevant depositions can not be considered".

The record of Alderman Shimer showing service of the summons or a copy thereof was not handed to us by either party to this suit, but, nevertheless, we obtained

it from the alderman in the course of our examination into the questions herein involved and it appears as follows:

"Schuylkill County SS:

"I served the within summons upon the within named Joseph Fudge at McAdoo, Pa., said County on the 11th day of November, 1933 by handing a true and attested copy thereof to him personally.

"So answers

"J. G. QUIN, ~~Constable~~.

"Sworn to before me this 11th day of November, 1933.

"PRESTON C. SHIMER,

"Alderman."

This is not, on its face, a constable's return. As a matter of fact the word constable is stricken out as appears above. What the official capacity if any of J. G. Quin is we do not know.

An appeal nunc pro tunc will be allowed where there is fraud or its equivalent practiced: Marcus v. Cohen et al., 94 Pa. Superior Ct. 383, citing Wise v. Cambridge Springs Borough, 262 Pa. 139, wherein it is stated by the court, on page 144: "Where a party has been prevented from appealing by fraud . . . the court has power to extend the time for taking an appeal: Zeigler's Petition, 207 Pa. 131; York County v. Thompson, 212 Pa. 561."

"Fraud in its generic sense, especially as the word is used in courts of equity, comprises all acts, omissions, and concealments involving a breach of legal or equitable duty and resulting in damage to another. Fraud has also been defined as any cunning or artifice used to cheat or deceive another. . . . Further it is frequently stated that owing to the multiform character of fraud and the great variety of attendant circumstances no definition which is all inclusive can be framed, but each case must be determined on its particular facts": 26 C. J. 1059. It has been held that fraud is synonymous with false swearing: 26 C. J. 1059-1060.

If the sworn statements of Fudge as recited before are true, and it is the signature of J. G. Quin on the return, Quin is guilty of false swearing, and that fraud or its equivalent was practiced upon the defendant in obtaining judgment is too plain for discussion. Failure upon the part of the plaintiff to call Quin (if available) is a strong circumstance favoring the truth of Fudge's statements.

And now, September 9, 1935, the rule to show cause why the defendant Fudge should not be allowed to appeal nunc pro tunc is made absolute, and he is given 15 days from this date to take an appeal from the judgment of Alderman Shimer entered against him and in favor of the plaintiff on November 17, 1933.

From M. M. Burke, Shenandoah.