Marlo L. Roderick, Petitioner *v.* Commonwealth of Pennsylvania, State Civil Service Commission, Respondent.

Submitted on briefs November 18, 1982, before Judges ROGERS, MACPHAIL and DOYLE, sitting as a panel of three.

*Jack I. Kaufman,* for petitioner.

*Earl R. Dryer,* Deputy Counsel, for respondent.

OPINION BY JUDGE DOYLE, August 12, 1983:

This is an appeal by Marlo L. Roderick (Petitioner) from an order of the State Civil Service Commission (Commission) denying her petition for an allowance of an appeal nunc pro tunc.

Petitioner was employed by the Bureau of Employment Security, now Office of Employment Security (OES) in Allentown. On April 15, 1981, the BES's personnel director sent Petitioner a letter notifying her that, pursuant to Section 806 of the Civil Service Act,[1] her failure to report to work for five consecutive work days without giving notice was tantamount to a voluntary resignation from her job. Petitioner, upset at this, wrote a letter to the personnel director stating that she was not at work for medical reasons and alleging that she had received an indefinite leave of absence because of these reasons. Petitioner also contacted the BES's regional director in Scranton who allegedly told her to take an appeal for reinstatement in writing to the manager of the office where she was employed. An attorney was retained by Petitioner and on April 23, 1981, a request for reinstatement was sent to the manager. Having received no response to this letter, Petitioner's counsel, on May 11, 1981, contacted the manager who told him the matter had been referred to the personnel director. The latter informed the attorney that a

---

[1] Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.806.

third individual was dealing with the matter. Later that day, however, counsel received a phone call from the Chief Counsel of the Department of Labor and Industry who informed him that the appropriate avenue of appeal was with the Commission, not the appointing authority, and, because twenty days had passed since notice of Petitioner's "resignation," it would be necessary to petition for an appeal nunc pro tunc. The appropriate petition was filed on May 21, 1981 and denied, *without a hearing,* on June 18, 1981. The appeal to this Court followed in which Petitioner contends that it was a combination of the BES's failure to provide her with a written notice of her appeal rights and her reasonable reliance on their advice which caused her untimely appeal to the Commission.[2] The Commission counters with the argument that there was no affirmative duty on the part of the BES to notify Petitioner of her appeal rights, that no one from the BES told Petitioner that her *sole* recourse was to BES,[3] and that, in light of the citation to the Civil Service Act in the "resignation" letter and Petitioner's being represented by counsel, reliance on the representations of the BES officials was unjustified. The Commission further asserts that Petitioner has failed to allege facts that, even were they proved, would establish the fraud or negligence necessary for an allowance of an appeal nunc

---

[2] Petitioner also raises an alternative argument that her letter to her office manager appealing for reinstatement was sufficient to effect a timely appeal with the Commission. We must reject this argument as being without merit. *Dinsmore v. Department of Agriculture,* 27 Pa. Commonwealth Ct. 342, 366 A.2d 634 (1976).

[3] The Commission posits that Petitioner could have also pursued a grievance within the BES. We find no evidence of this on the record, however, and such a statement seems inconsistent with the BES's subsequent refusal to act on her internal appeal and direction to file with the Commission.

pro tunc and that it was therefore not even necessary to hold a hearing.

Previously, an appeal nunc pro tunc was properly allowed only in those circumstances where it was shown that the delay in taking the appeal was the result of wrongful, negligent or fraudulent conduct on the part of the administrative agency involved. *Avon Grove School District Board of Directors v. Department of Education*, 31 Pa. Commonwealth Ct. 89, 375 A.2d 851 (1977). It is this standard which the Commission relies upon in arguing that Petitioner has not stated grounds for a hearing on her entitlement to a nunc pro tunc appeal. In recent years, however, the courts have somewhat liberalized this rigid standard. Now, non-negligent conduct of the appellants' attorney which results in an untimely appeal, may also suffice for the grant of an appeal nunc pro tunc.[4] *Bass v. Commonwealth*, 485 Pa. 256, 401 A.2d 1133 (1979) (illness of attorney's secretary resulted in delay in filing); *see also Perry v. Unemployment Compensation Board of Review*, 74 Pa. Commonwealth Ct. 388, 459 A.2d 1342 (1938) (mechanical failure of law clerk's car resulted in delay in filing); *Tony Grande, Inc. v. Workmen's Compensation Appeal Board (Rodriguez)*, 71 Pa. Commonwealth Ct. 566, 455 A.2d 299 (1983) (sudden hospitalization of counsel resulted in delay of three days). Of perhaps greater significance for the purposes of the case *sub judice,* it has also now been held that where the appellant himself has not been negligent, negligent acts by a

---

[4] The long standing rule that negligence by an attorney which results in an untimely appeal does not warrant the allowance of an appeal nunc pro tunc remains intact. *See Nixon v. Nixon*, 329 Pa. 256, 198 A. 154 (1938); *Rostosky v. Department of Environmental Resources*, 26 Pa. Commonwealth Ct. 478, 364 A.2d 761 (1976).

third party not part of the litigation process will also excuse an untimely filing and permit an appeal to be taken nunc pro tunc. *Walker v. Unemployment Compensation Board of Review*, 75 Pa. Commonwealth Ct. 116, 461 A.2d 346 (1983) (failure of post office to forward notice of referee's decision allegedly resulted in untimely filing of appeal).

In the case at bar, Petitioner has clearly alleged misdirection by the appointing authority with respect to her efforts to appeal her termination. Such conduct cannot be condoned nor can it be considered wholly obviated by the presence of counsel for Petitioner. *See Tarlo v. University of Pittsburgh*, 66 Pa. Commonwealth Ct. 149, 443 A.2d 879 (1982). The OES ostensibly knew Petitioner was pursuing the wrong avenue of appeal from shortly after April 23, 1981 until May 11, 1981, and chose not to divulge the error to her until after several contacts had been made by Petitioner's lawyer. This compounds the alleged transgression. In light of this, and the recent case law above referenced, we find that Petitioner has made allegations that warrant a hearing and appropriate findings of fact and conclusions of law pertaining to the reasons for the untimely appeal and whether they justify the grant of an appeal nunc pro tunc. *See Walker.*

Accordingly, the order of the Commission is vacated and the matter is remanded for further proceedings consistent with this opinion.

## Order

Now, August 12, 1983, the order of the State Civil Service Commission in the above captioned matter, dated June 18, 1981, is hereby vacated and the matter is remanded for further proceedings consistent with the opinion. Jurisdiction is relinquished.