Joseph Finney, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs December 5, 1983, to President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and BLATT, sitting as a panel of three.

*Donald B. Cheetham,* for petitioner.

*Michael D. Alsher,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., March 20, 1984:

Joseph Finney appeals an Unemployment Compensation Board of Review order dismissing his appeal nunc pro tunc. We affirm.

Finney was denied benefits[1] by the Office of Employment Security on February 24, 1981. He filed his appeal on March 24, 1981, well after the fifteen-day appeal period had expired. The referee found the appeal was timely filed and awarded benefits. The Board vacated the referee's decision and dismissed the claimant's appeal as untimely filed.

Finney argues that he was unable to understand the proper procedure for the filing of an appeal. He testified as to his belief that simply returning to the unemployment office and reapplying for benefits preserved his rights.[2]

---

[1] Finney had been dismissed from his job as a porter at Montgomery County Geriatric and Rehabilitation Center for alleged acts of willful misconduct.

[2] Claimant's attorney to claimant (C.R. 5/1/81, p. 2):

QCL: Now, at the time that you went back—well, at the time you received the letter, what was your impression that you had to do in order to appeal or in order to protect your rights? What did you think you had to do?

AC: I believed I had to—I missed a couple days, I didn't realize about the letter in the mail, understanding

. . .

QCL: Did you understand that, if you didn't file a formal appeal within fifteen days or within the date specified on the letter, March 11th, did you understand that you would lose all rights? Or did you feel that you had to—all you had to do was go back to the unemployment office and sign up again?

AC: I felt that, if I missed a couple of days that wasn't necessary or not, come back and sign up.

The Board, in finding these facts, concluded that they did not warrant the allowance of the appeal. We agree.[3] Possible ignorance of the law does not

QCL: Well, did you, in fact, go back to sign up after you got this letter?

AC: Yes, I did.

Claimant's attorney to claimant (C.R. 5/1/81, pp. 3-4):

QCL: Mr. Finney, were you under the impression that your coming in to sign up on the 29th and on the 7th or the dates that she indicates would satisfy the requirements of that letter?

AC: Yes, it does.

QCL: And it was only until you went in the last time, which was after the 7th, that they told you you couldn't sign up any more?

AC: Yes, sir.

QCL: Then, after that did you seek legal counsel?

AC: Yes, I did.

[3] The Board applied the earlier standard that a claimant must prove that he was deprived of his right of appeal by fraud or its equivalent, *i.e.*, wrongful or negligent conduct of the administrative authorities in order for his untimely appeal to be permitted. We must direct the Board, for consideration of future appeals nunc pro tunc, to this Court's holding in *Roderick v. State Civil Service Commission*, 76 Pa. Commonwealth Ct. 329, 463 A.2d 1261 (1983), that the Courts of this Commonwealth have liberalized this rigid standard. As stated in *Roderick* at 332-3, 463 A.2d at 1263:

Now, non-negligent conduct of the appellant's attorney, which results in an untimely appeal, may also suffice for the grant of an appeal nunc pro tunc. Bass v. Commonwealth, 485 Pa. 256, 401 A.2d 1133 (1979) (illness of attorney's secretary resulted in delay in filing); see also Perry v. Unemployment Compensation Board of Review, 74 Pa. Commonwealth Ct. 388, 459 A.2d 1342 (1983) (mechanical failure of law clerk's car resulted in delay in filing); Tony Grande, Inc. v. Workmen's Compensation Appeal Board (Rodriguez), 71 Pa. Commonwealth Ct. 566, 455 A.2d 299 (1983) (sudden hospitalization of counsel resulted in delay of three days).... [I]t has also now been held that, where the appellant himself has not been negligent, negligent acts by a third party not part of the litigation process will also excuse an untimely filing and permit an ap-

104

excuse a party to an action from his statutory obligation to file an appeal within the prescribed appeal period.

Affirmed.

ORDER

The Unemployment Compensation Board of Review order, No. B-198523 dated August 19, 1981, is hereby affirmed.

peal to be taken nunc pro tunc. Walker v. Unemployment Compensation Board of Review, 75 Pa. Commonwealth Ct. 116, 461 A.2d 346 (1983) (failure of post office to forward notice of referee's decision allegedly resulted in untimely filing of appeal).