Carl C. Staten, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

298

Submitted on briefs to Judges CRAIG and PALLADINO and Senior Judge BARBIERI, sitting as a panel of three.

*Carl C. Staten,* for himself, petitioner.

*James K. Bradley,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE BARBIERI, March 21, 1985:

Carl C. Staten, Claimant, appeals here a decision and order of the Unemployment Compensation Board of Review (Board) dismissing his appeal because it was not timely filed.

Section 502 of the Unemployment Compensation Law[1] provides in part:

> . . . The parties and the department shall be duly notified of the referee's decision and the reasons thereof, which shall be deemed the final decision of the board, unless an appeal is filed therefrom, within fifteen days after the date of such decision [or] the board acts on its own motion, to review the decision of the referee. . . .

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §822.

The Office of Employment Security (Office) issued a Notice of Determination on October 20, 1982, disapproving benefits. Claimant filed a Petition for Appeal on October 26, 1982 and a hearing was held before a referee on November 22, 1982. On November 23, 1982, the referee issued his decision affirming the Office's determination. Claimant filed his Petition for Appeal from the referee' decision on December 13, 1982.

Claimant argues on appeal that he was ill-advised and misinformed by an Office staff person and, consequently, did not file an appeal from the adverse determination of the referee within the mandatory fifteen-day time limit. It was not until he returned to the office and spoke with another staff person that he filed an appeal five days beyond the final date appeal was permitted.

It is well-settled that the statutory time limit for filing an appeal is mandatory in the absence of fraud, *i.e.*, wrongful or negligent conduct of the administrative authorities. *Strawley v. Unemployment Compensation Board of Review*, 25 Pa. Commonwealth Ct. 34, 358 A.2d 145 (1976). We note that the law does provide for a waiver of the limitation period if a claimant presents adequate excuse for his delay; however, the claimant carries a heavy burden in such cases and is required to prove more than mere hardship; indeed, proof of fraud or its equivalent of the administrative authorities is required. *Unemployment Compensation Board of Review v. Hart*, 22 Pa. Commonwealth Ct. 225, 348 A.2d 497 (1975).

Although the Board Secretary mailed the customary letter requesting that the Claimant advise the Board whether he wished to attend a hearing to offer testimony on the validity of the further appeal, Claimant failed to reply. Therefore, because Claimant failed

to avail himself of the opportunity afforded, to place evidence of the alleged wrongful conduct of the office staff person on the record, and thereby attempt to meet his burden of proof, we have no basis on which to fault the Board in dismissing Claimant's appeal; accordingly we will affirm.

ORDER

Now, March 21, 1985, the order of the Unemployment Compensation Board of Review, No. B-214442, dated February 3, 1983, is affirmed.

Judge WILLIAMS, JR., did not participate in the decision in this case.