524 A.2d 1086

Richard C. Typinski, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 26, 1987, before Judges MACPHAIL and COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Donald R. Shroyer,* Laurel Legal Services, Inc., for petitioner.

*Jonathan Zorach,* Associate Counsel, with him, *Samuel H. Lewis,* Associate Counsel and *Clifford Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE COLINS, May 1, 1987:

Richard Typinski (petitioner) appeals an order of the Unemployment Compensation Board of Review (Board) which affirmed the dismissal of his untimely filed appeal from a determination of the Office of Employment Security (OES) that he was ineligible for benefits.

The petitioner was dismissed from his position as an insurance representative on June 15, 1984, for failure to perform his employment duties. On July 13, 1984, the OES determined that the petitioner should be denied benefits on the basis that his termination was due to his willful misconduct. Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937), *as amended,* 43 P.S. §802(e).

Although the petitioner was entitled to file an appeal from that determination until July 30, 1984, fifteen days after he received notice thereof, Section 501(e) of the Law, 43 P.S. §821(e), no appeal was filed by that date. On August 8, 1984, the petitioner voluntarily committed himself to a psychiatric clinic, where he remained until his discharge September 25, 1984. By letter postmarked the following day, the petitioner requested an extension of time to file his appeal from the OES determination, asserting as reason therefor that he had been mentally incapacitated throughout the appeals period and consequently unable to avail himself of the appeals process. A hearing was held on the petitioner's request to take an appeal *nunc pro tunc* and on the merits of his claim. The referee dismissed the appeal

and the petitioner appealed to the Board. The Board found that, after receiving the OES ineligibility determination and notice of his appeal rights therefrom, the petitioner waited until after the appeal deadline had passed to file his appeal and that he had not been misled or misinformed by the local office concerning his appeal rights. Accordingly, it affirmed the dismissal, resulting in the instant appeal.

The petitioner contends that the Board erred in denying his request to appeal *nunc pro tunc*. He argues that, as a consequence of the mental problems he experienced during and after the appeals period, he was unable to understand the reasons for the ineligibility determination and was incapacitated from filing any appeal therefrom. He admits that, typically, a late appeal under Section 501(e) of the Law is permitted only upon a showing of fraud or its equivalent. *Ferraro v. Unemployment Compensation Board of Review,* 76 Pa. Commonwealth Ct. 636, 464 A.2d 697 (1983). He also notes, however, that this Court more recently indicated that a less stringent standard would apply to such appeals, whereby non-negligent conduct by a party's attorney may also suffice for the grant of an appeal *nunc pro tunc,* as would instances where a party's delay was occasioned by negligent acts of third parties not participating in the litigation. *Finney v. Unemployment Compensation Board of Review,* 81 Pa. Commonwealth Ct. 101, 472 A.2d 752 (1984).

The Board argues in response that the purportedly liberalized standards are nonetheless consistent with the previously existing "fraud or its equivalent" standard, and urges that we continue to apply the former standard. In light of our unequivocal statement in *Finney,* we must reject the Board's invitation to stringently apply only the "fraud or its equivalent" standard. We must also acknowledge, however, our decision in

*Staten v. Unemployment Compensation Board of Review,* 88 Pa. Commonwealth Ct. 297, 488 A.2d 297 (1985). We noted there that the Law provides for a waiver of the limitations period where a claimant provides an adequate excuse for the delay, but we also indicated that a claimant bears a heavy burden in such cases, requiring more than a showing of mere hardship. Since *Staten* concerned a claimant asserting that his delay in filing was attributable to misinformation by an OES staff person, however, he was consequently required to prove fraud or its equivalent, on the part of the administrative authorities. *Staten* does not, therefore, necessarily require that, in all instances, *only* fraudulent or misleading conduct will permit allowance of an appeal *nunc pro tunc,* providing, of course, that the heavy burden noted above is satisfied.

In the instant case, the Board concedes that evidence was presented which could support the petitioner's asserted incapacity. It argues, however, that the evidence and inferences to be drawn therefrom do not compel such a conclusion. As the Board notes, the record reflects that the claimant's bizarre behavior precipitated his termination, shortly after which he sought psychiatric assistance culminating in his commitment. It further notes that, prior to his commitment, the petitioner twice appeared at the local OES office distraught and unable to decide whether to appeal the ineligibility determination. Notwithstanding the inferences offered which would support its decision, however, the findings[1] made by the Board failed to address the sufficien-

---

[1] The Board's findings were:

1. On . . . the [OES] issued a determination denying benefits to the claimant.

2. A copy . . . was mailed to the claimant. . . .

3. The notice informed the claimant that July 30, 1984, was the last day on which to file an appeal from this determination.

cy or insufficiency of the explanation proffered by the petitioner in support of his late appeal. Despite the extremely difficult burden a claimant must satisfy to appeal *nunc pro tunc,* where factual issues determinative of a claimant's appeal have not been addressed by the Board we are unable to exercise our appellate function and it is necessary to remand the matter to the Board to make the necessary findings of fact. *Levan v. Unemployment Compensation Board of Review,* 91 Pa. Commonwealth Ct. 507, 498 A.2d 987 (1985).

Accordingly, we must vacate the order of the Board and remand the case for further findings of fact on the issue of whether the petitioner presented sufficient evidence to entitle him to take an appeal *nunc pro tunc.* The Board should, for example, make findings as to the extent and/or nature of the petitioner's purported mental condition or disability immediately following his termination; whether there was any subsequent deterioration in such condition; and whether, during the period subsequent to the initial denial of benefits, the petitioner was, in fact, so incapacitated by his mental state that he was unable to take even the limited steps necessary to perfect his appeal.

## ORDER

AND NOW, May 1, 1987, the order of the Unemployment Compensation Board of Review in the above-captioned matter is vacated and the case is remanded to the Board for further proceedings consistent with this opinion.

Jurisdiction relinquished.

---

4. The claimant . . . waited until September 26, 1984, before filing his appeal.

5. The claimant was not misinformed or misled by the local office concerning his rights to appeal.