525 A.2d 874

Guat Gnoh Ho, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs January 8, 1987, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*David L. Hill,* for petitioner.

*Charles D. Donahue,* Assistant Counsel, with him, *Clifford F. Blaze,* Chief Counsel, for respondent.

Opinion by Judge Palladino, May 14, 1987:

Guat Gnoh Ho (Petitioner) appeals from a decision of the Unemployment Compensation Board of Review (Board) which affirmed a referee's dismissal of Petitioner's request for a hearing as untimely. For the reasons set forth below, we affirm.

On July 18, 1985, the Office of Employment Security issued a decision denying Petitioner's application for unemployment compensation benefits. A copy of this decision was mailed to the claimant with notice that any appeal from the decision must be made within fifteen days from the date of the office determination. The last day on which a valid appeal could be filed was August 2, 1985. Petitioner did not appeal the decision until October 15, 1985. The referee dismissed Petitioner's appeal as untimely, and the Board affirmed.

Petitioner requests this Court to grant her appeal *nunc pro tunc* because, she alleges, she had to leave the country to attend to her sick mother in Malaysia eight days before the office made its determination. Petitioner admits that her husband had called her to notify her that she had received a letter, but, she alleges, he understands no English and therefore could not inform her of the letter's contents. She asserts that she filed the appeal immediately upon her return to the United States.

This court has long held to the principle that an extension of the period during which an appeal may be filed is justified only where there is fraud or some breakdown in the court's operations through default of its officers. *Hentz v. Philadelphia Civil Service Commission,* 85 Pa. Commonwealth Ct. 358, 481 A.2d 998 (1984); *Berry v. Unemployment Compensation Board of Review,* 488 Pa. 180, 411 A.2d 1198 (1980). In the case at bar, there is no allegation of fraud or administrative breakdown on the part of the Board.

Petitioner contends, however, that her appeal should be permitted in light of *Bass v. Commonwealth,* 485 Pa. 256, 401 A.2d 1133 (1979), where the supreme court granted an appeal *nunc pro tunc* which had been filed four days late due to illness on the part of the attorney's secretary. The court held that, because attorneys are an integral and necessary part of our system of justice and because the appellant's attorney had been completely non-negligent in causing the delay, the appeal should be permitted.

This court has followed *Bass* in a number of appeals from untimely filings. *See Perry v. Unemployment Compensation Board of Review,* 74 Pa. Commonwealth Ct. 388, 459 A.2d 1342 (1983) (delay attributable to mechanical failure of law clerk's car); *Tony Grande, Inc. v. Workmen's Compensation Appeal Board (Rodriguez),* 71 Pa. Commonwealth Ct. 566, 455 A.2d 299 (1983) (three day delay due to sudden hospitalization of counsel). However, the decisions in the *Bass* line of cases were limited strictly to the unique and compelling factual circumstances presented to the court, and they were never intended to create, as Justice ROBERTS warned in his dissenting opinion in *Bass,* "a new and unnecessary layer of delay, mandating a special inquiry whenever an appeal is untimely filed." *Bass,* 485 Pa. at 263, 401 A.2d at 1137 (ROBERTS, J. dissenting).

By applying to the Office of Employment Security for unemployment compensation benefits, Petitioner availed herself of our system of administrative justice. In doing so, she implicitly assumed a duty to comply with procedures which are designed to ensure a sound and evenhanded administration of justice or risk forfeiture of her claim.

The office mailed its decision to Petitioner with notice that any appeal from such decision must be taken by August 2, 1985. Petitioner acknowledges that she

was made aware that she had received a letter. Her failure to take measures to ascertain the contents of the letter resulted in her delaying in filing the appeal until October 15, 1985. As a result, it was untimely and properly dismissed by the Board.

Accordingly, the order of the Board dismissing Petitioner's appeal is affirmed.

ORDER

AND NOW, May 14, 1987, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.