641 A.2d 692

**Willie J. COOK, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD
OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Feb. 2, 1994.

Decided April 26, 1994.

■■■■■■■■■■■

■■■■■■■■■■■

■■■■■■■■■■■

Stacy J. Harris, for petitioner.

Randall S. Brandes, Asst. Counsel, and Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before CRAIG, President Judge, and DOYLE, COLINS, McGINLEY, SMITH, PELLEGRINI and KELLEY, JJ.

DOYLE, Judge.

Before us is the appeal of Willie J. Cook from an order of the Unemployment Compensation Board of Review dismissing Cook's petition for unemployment compensation benefits.

Cook worked for the Hussey Copper Corporation (Employer) as a stone mason until his separation from employment on April 8, 1992. Cook filed for unemployment compensation benefits at the Office of Employment Security (OES) on April 11, 1992. OES disapproved Cook's application on April 23, 1992, finding that Cook's separation from employment was due to his willful misconduct,[1] thus disqualifying him for unemployment benefits. That decision was mailed to Cook at his last known address on the same day. The notice informed Cook that he had until May 8, 1992, to appeal from the determination of OES. From May 3, 1992, to May 5, 1992, Cook was in the Critical Care Unit (CCU) of East Liverpool City Hospital because of irregularities in his heart activity and blood pressure. On May 5, 1992, Claimant was transferred out of the CCU to a regular room where he could read, write, and receive visitors. Cook was released from the hospital on May 9, 1992, one day after the appeal period expired. Cook filed his appeal on May 12, 1992.

1. Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e).

On appeal, the referee dismissed Cook's petition on the grounds that it was untimely filed because it was received more than fifteen days after OES' denial of benefits.[2] The Board affirmed this order, and this appeal followed.

■ Cook argues that the Board erred in its conclusion that he had not provided an adequate excuse for his failure to file a timely appeal from the OES determination denying him benefits, and therefore his petition should have been considered nunc pro tunc.

■ Generally, an appeal nunc pro tunc may be allowed when a delay in filing an appeal is caused by extraordinary circumstances involving fraud or some breakdown in a court's operations. *Guat Gnoh Ho v. Unemployment Compensation Board of Review,* 106 Pa.Commonwealth Ct. 154, 525 A.2d 874 (1987). In *Bass v. Commonwealth,* 485 Pa. 256, 401 A.2d 1133 (1979), however, our Supreme Court liberalized that rule to the extent that the non-negligent conduct of an appellant's *attorney* which results in an untimely appeal may provide grounds which would permit an appellant to appeal nunc pro tunc. The extent of the liberalization of that rule in the wake of *Bass* was explained in *Finney v. Unemployment Compensation Board of Review,* 81 Pa.Commonwealth Ct. 101, 472 A.2d 752 (1984), as follows:

Now, non-negligent conduct of the appellant's attorney, which results in an untimely appeal, may also suffice for the grant of an appeal nunc pro tunc. *Bass v. Commonwealth,* 485 Pa. 256, 401 A.2d 1133 (1979) (illness of attorney's secretary resulted in delay in filing); see also *Perry v. Unemployment Compensation Board of Review,* [74] Pa.Commonwealth Ct. [388], 459 A.2d 1342 (1983) (mechanical failure of law clerk's car resulted in delay in filing); *Tony Grande, Inc. v. Workmen's Compensation Appeal Board (Rodriguez),* 71 Pa.Commonwealth Ct. 566, 455 A.2d 299 (1983) (sudden hospitalization of counsel resulted in delay of three days). . . . [I]t has also now been held that, where the appellant himself has not been negligent, negli-

2. Section 501(e) of the Law, 43 P.S. § 821(e).

gent acts by a third party not part of the litigation process will also excuse an untimely filing and permit an appeal to be taken nunc pro tunc. *Walker v. Unemployment Compensation Board of Review,* [75] Pa.Commonwealth Ct. [116], 461 A.2d 346 (1983) (failure of post office to forward notice of referee's decision allegedly resulted in untimely filing of appeal).

*Id.,* 81 Pa.Cmwlth. at 103–04 n. 3, 472 A.2d at 753 n. 3 (quoting *Roderick v. State Civil Service Commission,* 76 Pa.Commonwealth Ct. 329, 332–33, 463 A.2d 1261, 1263 (1983)). Thus, the decisions in *Bass* and its progeny intend to allow only a very narrow exception to the strict rule requiring appeals to be timely filed.

While the strict rule of timeliness was relaxed by some small measure in *Bass,* our Supreme Court did not liberalize that rule to the point where any reasonable excuse proffered by an appellant for his or her failure to file a timely appeal is sufficient to allow an appeal nunc pro tunc. The holding in *Bass* has been applied by this Court only in those extremely few instances where an appellant's failure to file a timely appeal was caused by the non-negligent acts of *someone else,* either the claimant's attorney or the attorney's staff; all situations which involve the non-negligent behavior of a third party. Further, the Superior Court in *Marcus v. Cohen,* 94 Pa. Superior Ct. 383 (1928), specifically held that an appellant's illness was not an excuse which would allow a court to extend the period for filing an appeal, and *Marcus* was cited with approval by our Supreme Court in *Nixon v. Nixon,* 329 Pa. 256, 259, 198 A. 154, 157 (1938).

Where an act of assembly fixes the time within which an act must be done, as for example, an appeal taken, courts have no power to extend it, or to allow the act to be done at a later day, as an act [sic] of indulgence. Something more than mere hardship is necessary to justify an extension of time, or its equivalent, an allowance of the act nunc pro tunc.

*Marcus,* 94 Pa. Superior Ct. at 385 (quoting *Wise v. Borough of Cambridge Springs,* 262 Pa. 139, 104 A. 863 (1918), and cases cited therein).

In *Guat Gnoh Ho*, this Court rejected an appellant's argument to further expand the application of *Bass*. In that case, the appellant's appeal was untimely because she was out of the country when a decision denying her unemployment compensation benefits was mailed to her home; the appellant's spouse received the letter, but he was unable to read English. We rejected the appellant's argument that the appeal should be permitted nunc pro tunc in accordance with *Bass* stating:

> [T]he decisions in the *Bass* line of cases were limited strictly to the unique and compelling factual circumstances presented to the court, and they were never intended to create, as Justice Roberts warned in his dissenting opinion in *Bass*, 'a new and unnecessary layer of delay, mandating a special inquiry whenever an appeal is untimely filed.'

*Guat Gnoh Ho*, 106 Pa.Commonwealth Ct. at 156, 525 A.2d at 875 (quoting *Bass*, 485 Pa. at 263, 401 A.2d at 1137 (Roberts, J., dissenting)).

We are not unsympathetic to the fact that there are often legitimate and extenuating circumstances to excuse a litigant's failure to meet a filing deadline. But to liberalize the law to the point where our courts would be required to entertain those excuses, and sort out the legitimate from the frivolous, fraudulent, and illegitimate, would eviscerate the very purpose of the law and run counter to the dictates of our Supreme Court articulated through Pa. R.A.P. 105 that a "court may not enlarge the time for filing a notice of appeal, a petition for allowance of appeal, a petition for permission to appeal, or a petition for review."

Cook relies upon our decision in *Typinski v. Unemployment Compensation Board of Review*, 105 Pa.Commonwealth Ct. 560, 524 A.2d 1086 (1987), in support of his position that his hospitalization provided an adequate excuse for his failure to timely file his appeal. In *Typinski*, a claimant asserted that he was unable to file a timely appeal because he was mentally ill; he later filed an appeal nunc pro tunc which was dismissed by the Board. Because the Board's findings on the question of whether the claimant was mentally ill were inadequate, this Court remanded the case to the Board for findings on whether

the claimant's alleged mental problems rendered him *unable* to file a timely appeal. In *Typinski*, we referred to language in *Staten v. Unemployment Compensation Board of Review*, 88 Pa.Commonwealth Ct. 297, 488 A.2d 1207 (1985), stating that the law "provides for a waiver of the limitations period where a claimant provides an *adequate excuse* for the delay...." *Typinski*, 105 Pa.Commonwealth Ct. at 563, 524 A.2d at 1088 (emphasis added). But, while *Staten* implicitly limited the scope of the term "adequate excuse" to fraud or its equivalent, the *Typinski* decision inflates that term to encompass mental incompetency of the litigant himself. Such an expansion goes beyond the narrow exception that the *Bass* line of cases intended to permit. Therefore, we now overrule *Typinski* and hold that the term "adequate excuse," in reference to the filing of an appeal nunc pro tunc, includes only fraud, a breakdown in a court's operations, or the unusual factual circumstances of the *Bass* line of cases. Specifically, circumstances involving action or inaction on the part of the litigant himself will not provide an "adequate excuse."

The principle we have clarified here is consistent with other rules of practice and procedure. Even a statute of limitation which establishes the time within which a suit must be filed on a cause of action, which is analogous to the time limitation for filing an appeal, continues to run against a person who is incompetent. Section 5533(a) of the Judicial Code, 42 Pa.C.S. § 5533(a);[3] *Walters v. Ditzler*, 424 Pa. 445, 227 A.2d 833 (1967). Because illness, mental or otherwise, is not a legally sufficient reason to extend the time period within which an appeal must be filed, *Nixon, Marcus*, a hospitalization resulting from such an illness cannot provide such a basis. It makes little sense to distinguish between an illness at home and an illness which requires hospitalization.

Accordingly, the order of the Board dismissing Cook's appeal is affirmed.

---

**3.** "General Rule.—Except as otherwise provided by statute, insanity or imprisonment does not extend the time limited by this subchapter for the commencement of a matter." 42 Pa.C.S. § 5533(a).

## ORDER

NOW, April 26, 1994, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.

KELLEY, Judge, dissenting.

I respectfully dissent. I believe that Claimant is entitled to appeal nunc pro tunc to the Unemployment Compensation Board of Review.[1]

An historical review surrounding the allowance of appeals nunc pro tunc reveals that originally the standard permitting such appeals was one limited to "delays resulting from extraordinary circumstances involving fraud or some breakdown in the court's operations." *Nixon v. Nixon*, 329 Pa. 256, 198 A. 154 (1938).

This well settled standard was expanded, however, by our Supreme Court's decision in *Bass v. Commonwealth*, 485 Pa. 256, 401 A.2d 1133 (1979), a detailed examination of which should be persuasive to be controlling here.

The Supreme Court begins its analysis in *Bass* by restating the basic tenet surrounding the allowance of appeals nunc pro tunc:

> The negligence of an appellant, or an appellant's counsel, or an agent of appellant's counsel, has not been considered a sufficient excuse for the failure to file a timely appeal.

*Id.* at 259, 401 A.2d at 1135.

From this, the Supreme Court deduces that:

> [A]t least in those circumstances involving the non-negligent failure to file an appeal, members of the public should not lose their day in court.

*Id.* at 260, 401 A.2d at 1135.

After assessing the factual situation in *Bass* from the perspective of this standpoint, the Supreme Court makes the determination that "we are presented with a non-negligent

---

1. The issue in this case is whether Claimant should be permitted to file an appeal as a result of our Supreme Court's decision in *Bass v. Commonwealth*, 485 Pa. 256, 401 A.2d 1133 (1979) which expanded the original nunc pro tunc rule.

failure to file a timely appeal after a [claimant] made a decision to appeal." *Id.*

The Supreme Court reasons that since "society and the courts have recognized that events occur sometimes because of unexpected, non-negligent causes" consideration of the example of "an attorney [who], while on his way to the Prothonotary's Office to file an appeal has an unexpected heart attack or other illness" must lead to the conclusion that "[the claimant] should not suffer because the attorney, as a result of his illness, was unable to file an appeal." *Id.*

I believe this reasoning should be dispositive and sets the post-*Nixon* standard for allowing appeals nunc pro tunc since it, along with the rest of the opinion in *Bass,* is clearly indicative of the fact that the result reached in *Bass* is intended to create an exception to protect those, who by no fault of their own, miss an appeal deadline after making the decision to appeal.

The Supreme Court addresses the issue of whether or not prejudice can result from a decision to permit an appeal nunc pro tunc and proposes this guideline:

> Without doubt the passage of any but the briefest period of time during which an appeal is not timely filed would make it most difficult to arrive at a conclusion that the failure was non-negligent.

*Id.*

In consideration of this guideline, the Supreme Court[2] ultimately concludes that with regard to Mrs. Bass's case:

> There has been a non-negligent failure to file a timely appeal which was corrected within a very short time, during which any prejudice to the other side of the controversy would necessarily be minimal.

*Id.*

Based on the foregoing language, reasoning and conclusions, I am of the view that *Bass* established an exception which

---

2. Mrs. Bass's appeal was filed four days after the statutory time period had expired. The court considered this fact along with evidence that the attorney's secretary's illness was the actual cause of the need to file after the appeal period expired.

controls the instant case. It must be concluded that Claimant was in a situation beyond his control which ultimately resulted in his non-negligent failure to file an appeal after making the decision to appeal. Evidence in the record supports the conclusion that before his hospitalization, Claimant had already made at least the decision to speak with his attorney concerning whether he should appeal—which is yet another factual element found in the instant case which parallels the parameters set forth in *Bass*.[3]

Claimant avoided any prejudice to the opposing party by filing his appeal three days after his release from the hospital, and four days after expiration of the statutory time period. Further, it must be concluded that it is unreasonable to require a claimant to conduct the appeal process from a hospital bed or to file an appeal as close to the first day of an already short appeal period in anticipation of circumstances like those in the instant case.

In its decision to deny Claimant's appeal nunc pro tunc, the majority places much weight on the opinion in *Bass*, and from it concludes that

> our Supreme Court liberalized that [*Nixon*] rule to the extent that the non-negligent conduct of an appellant's attorney which results in an untimely appeal may provide grounds which permit an appellant to appeal nunc pro tunc.

In response to this conclusion, I contend that the majority misinterprets *Bass*. A proper application of the reasoning in *Bass* requires that the issues of negligence and prejudice dictate the result reached in deciding whether to allow an appeal nunc pro tunc. There is no language in *Bass* to indicate or even suggest that the Supreme Court's expanded

---

**3.** Claimant was immediately taken to the hospital after collapsing on May 3, 1992. The statutory time period expired on May 8, 1992. Claimant was discharged from the hospital on May 9, 1992, and filed his appeal on May 12, 1992. (R. Item No. 7.) Claimant had scheduled an appointment with an attorney for May 5, 1992 before his collapse on May 3, 1992, which supports the conclusion that Claimant intended to make a decision about his appeal before he was incapacitated and unable to file. (Exhibit No. 3, R. Item No. 5.)

standard is intended to delineate between the non-negligent behavior of the claimant's attorney and that of the claimant.

In its reasoning, the majority elevates form over substance and in doing so places more emphasis on the factual situation in *Bass* than on its language and intent. By following reasoning by the majority, one must conclude that an unexpected illness of a claimant's attorney or agent which prevents the filing of a claimant's appeal is a sufficient excuse to allow an appeal nunc pro tunc, but the unexpected illness of the claimant himself which prevents filing is insufficient. Such is bootstrap logic which ignores *Bass*'s intent and has the effect of giving a claimant's agent greater allowance than the claimant himself.

An examination of the cases heard before our court in which we have addressed this issue reveals that the reasoning in *Bass* has, however unintentionally, been followed.

The majority cites *Guat Gnoh Ho v. Unemployment Compensation Board of Review*, 106 Pa.Commonwealth Ct. 154, 525 A.2d 874 (1987), to support its argument that "this Court rejected an appellant's argument to further expand the application in *Bass*." *Id.* at 156, 525 A.2d at 875. While it is true that this court did reject that appellant's excuse as legally insufficient, it is also true that the appellant in that case had control over the situation which caused her failure to file in time; Ho left the country with the knowledge that she could or would miss the statutory deadline.

*Ho* can hardly be compared with the instant case for the obvious reason that Claimant had no control over his collapse and subsequent hospitalization during the last six days of the fifteen day statutory appeal period. *Ho* is further distinguishable from the instant case since the appellant did not attempt to appeal nunc pro tunc until two months after the expiration of the statutory deadline, whereas Claimant filed three days after he was released from the hospital, and four days after the expiration of the appeal period.

The majority cites *Finney v. Unemployment Compensation Board of Review*, 81 Pa.Commonwealth Ct. 101, 472 A.2d 752

(1984), (quoting *Roderick v. State Civil Service Commission,* 76 Pa.Commonwealth Ct. 329, 332–33, 463 A.2d 1261, 1263 (1983)), wherein it is stated that:

> Now, non-negligent conduct of the appellant's attorney, which results in an untimely appeal, may also suffice for the grant of an appeal nunc pro tunc.

*Id.* at 103, 472 A.2d at 753.

After comparing this statement with the analysis set forth in *Bass,* it must be concluded that this statement is an inadequate and incorrect explanation of that opinion's reasoning and result since in *Bass* there is no language which indicates or suggests that only the conduct of non-negligent attorneys was intended to be protected.

Further, I disagree with the majority's decision to overrule *Typinski v. Unemployment Compensation Board of Review,* 105 Pa.Commonwealth Ct. 560, 524 A.2d 1086 (1987). The majority seeks to overrule that case on the grounds that the decision

> inflates that term [adequate excuse] to encompass mental incapacity of the litigant himself. Such an expansion goes beyond the narrow exception that the *Bass* line of cases intended to permit. Therefore, we now overrule *Typinski* and hold that the term 'adequate excuse', in reference to the filing of an appeal nunc pro tunc, includes only fraud, a breakdown in a court's operations, or the unusual factual circumstances in the *Bass* line of cases. Specifically, circumstances involving action or inaction on the part of the litigant himself will not provide an 'adequate excuse'.

I disagree for two reasons. First, the correct result was reached in *Typinski* in accordance with *Bass*'s reasoning that only evidence of non-negligent conduct which is beyond a claimant's or a claimant's agent is protected by the exception.

In *Typinski,* the appellant was unable to produce adequate evidence to prove either that his alleged illness existed during the statutory appeal period or that illness was the actual reason for his failure to file.

I also disagree with the grounds upon which the majority seeks to base its overruling of *Typinski*. The majority writes:

> [T]he *Typinski* decision inflates that term [adequate excuse] to encompass mental incompetency of the litigant himself. Such an expansion goes beyond the narrow exception that the *Bass* line of cases intended to permit.

Here, the majority employs an incorrect conclusion regarding the reasoning set forth in *Bass*. The language in *Bass* was not intended to preclude non-negligent behavior by a litigant which causes him to miss an appeal deadline and, as such, the majority misconstrues *Bass* in holding that:

> Specifically, circumstances involving action or inaction on the part of the litigant himself will not provide an 'adequate excuse' [to allow an appeal nunc pro tunc].

Finally, the majority contends that by granting Claimant's appeal nunc pro tunc, we will open the floodgates to litigation to requests for appeals nunc pro tunc by claimants who seek the allowance of such appeals after offering "any reasonable excuse." The majority hypothesizes that permitting the within appeal will "result in a new and unnecessary delay, mandating a special inquiry whenever an appeal is untimely filed." I am of the view that permitting Claimant's appeal results in a holding that is not so broad as to substantiate the fears of the majority, and further, that the guidelines of non-negligent behavior and prejudice will effectively weed out undeserving appellants.

In response to the majority, I am of the view that a contrary result, in the words of our Supreme Court Justice Nix, would be "punitive, arbitrary and not supported by rule or precedent."[4]

Accordingly, I would vacate the Board's order and remand for a hearing on the merits.

---

4. As written by *Justice Nix* in his concurring opinion in *Bass*.