IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lee E. Bryan, : 
        : 
        Petitioner : 
        : 
        v. : No. 1362 C.D. 2024
        : Submitted: December 8, 2025
Unemployment Compensation : 
Board of Review, : 
        : 
        Respondent : 


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
             HONORABLE MICHAEL H. WOJCIK, Judge (P.)
             HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                          FILED: January 5, 2026


        Lee E. Bryan (Claimant) petitions for review of the September 19, 2024 Order of the Unemployment Compensation Board of Review (Board), which affirmed a Referee's decision assessing a nonfraud overpayment of Pandemic Unemployment Assistance (PUA) benefits[1] against Claimant in the amount of $3,528.00. The Board filed an Application to Quash (Application) in response. However, thereafter, the Department of Labor and Industry (Department) granted Claimant a waiver of his nonfraud overpayment. Upon review, we dismiss Claimant's petition for review (Petition for Review) and the Board's Application as moot.

---

[1] *See* Section 2102 of the Coronavirus Aid, Relief, and Economic Security Act of 2020, 15 U.S.C. §9021.

Claimant, whose work involved pool maintenance and swimming instruction, initially filed for PUA benefits effective April 19, 2020. Referee's Decision, 2/11/22, at Finding of Fact (F.F.) No. 1. Claimant subsequently filed for an extension of PUA benefits on April 25, 2021, reasoning that "he had to refuse ample work due to medical issues with his spouse." *Id*. at F.F. Nos. 2-3. He received benefits in the amount of $3,528.00 for the weeks ending May 1, 2021, through September 4, 2021, as a result. *Id*. at F.F. No. 6.

However, on October 8, 2021, the Department sent Claimant notice of a Disqualifying Determination reasoning that Claimant was "no longer unemployed as a direct result of the [COVID-19 p]andemic. [Claimant] refused, without good cause, to apply for or to accept suitable work which is cause for denial of PUA benefits." Certified Record (C.R.) at 10. Under a separate docket number (2022001374-BR),[2] the Department likewise assessed a nonfraud PUA overpayment in the amount of $3,528.00 against Claimant and afforded Claimant notice on that same day. *Id*. at 21.

Claimant filed a timely appeal to the Referee and the Department mailed Claimant a notice of telephone hearing scheduled for February 8, 2022. C.R. at 49. Claimant, however, did not appear at the hearing as he was abroad at the time and did not return to the United States until February 12, 2022. In his absence, the Referee determined that there was no competent record evidence to establish that the medical issues suffered by Claimant's significant other – which he claimed was preventing him from obtaining work – were related to COVID-19. Referee's

---

[2] While considered together, the appeals before the Referee and the Board involved eight separate docket numbers including, *inter alia*, the Disqualifying Determination. Claimant's Petition for Review, however, only identifies and challenges the docket number for the PUA nonfraud overpayment determination. *See* Petition for Review ¶4. The Petition for Review neither identifies nor challenges the Disqualifying Determination.

Decision at F.F. No. 4. The Referee therefore affirmed the Disqualifying Determination and the nonfraud PUA overpayment. Claimant appealed to the Board, which remanded the matter back to the Referee to conduct a hearing for the purpose of determining whether Claimant had good cause for his nonappearance at the February 8, 2022 hearing. *See* Board's Order, 4/8/24, C.R. at 124-25.

Another Referee held the remand hearing on May 13, 2024. Claimant, in pertinent part, explained that he did not learn of the February 8, 2022 hearing until his significant other informed him of the Department's mailings when he was already abroad; related to his significant other that he would have to "take care of it" when he returned; and stated that the Department failed to notify Claimant of the hearing via e-mail as was listed as his preferred method of communication. Ultimately, however, the Board affirmed the Referee's initial decision in its order dated September 19, 2024. Board's Order, 9/19/24, C.R. at 180-81. The Board, relying on this Court's decision in *Guat Gnoh Ho v. Unemployment Compensation Board of Review*, 525 A.2d 874, 875 (Pa. Cmwlth. 1987), reasoned that Claimant lacked good cause for his nonappearance because he did not take any reasonable steps to ascertain the contents of the Department's mailings, request a continuance, or otherwise appear at the *telephonic* hearing. Board's Order, 9/19/24, C.R. at 180-81.

Claimant filed a counseled Petition for Review in this Court on October 16, 2024.[3] Therein, Claimant solely sought reversal of the Board's decision at docket number 20220011374-BR, *i.e.*, the nonfraud PUA overpayment. Petition for Review ¶4. In his view, the Department failed to afford Claimant sufficient notice

---

[3] Our review is limited to determining whether constitutional rights were violated, an error of law was committed, or the necessary factual findings are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704.

of the hearing and, in so doing, violated his procedural and substantive due process rights. Petition for Review ¶¶5a-g.

On March 14, 2025, the Board filed its Application, averring that Claimant's failure to appeal the Disqualifying Determination and his decision not to challenge the amount of overpayment meant that he had failed to preserve any issues for our review. Application ¶¶7-13. Claimant did not file a response. Thus, on June 3, 2025, this Court issued an order stating that we would address the merits of the Board's Application alongside Claimant's Petition for Review. Commonwealth Court 6/3/25 Order. We likewise permitted the Board to address the issues raised in its Application in its responsive brief and reminded Claimant that he could file a reply brief thereto within 14 days of the Board's filing. *Id.* (citing Pa.R.A.P. 2113(a) and 2185(a)).

Relevant here, the Board explained that on March 28, 2025, shortly after it filed its Application, the Department granted Claimant a waiver of his PUA nonfraud overpayment in the amount of $3,528.00. Board's Brief at 14-15. In support, and filed pursuant to Pa.R.A.P. 102 and 123(c),[4] the Board attached a verification statement signed by Susan Dickinson, the Department's Director of the

---

[4] Rule 102 defines verified statement as: "A document filed with a clerk under these rules containing statements of fact and a statement by the signatory that it is made subject to the penalty of 18 Pa. C.S. §4904 (unsworn falsification to authorities)." Pa.R.A.P. 102. Rule 123(c) provides:

> An application or answer which sets forth facts which do not already appear of record shall be verified by some person having knowledge of the facts, except that the court, upon presentation of such an application or answer without a verified statement, may defer action pending the filing of a verified statement or it may in its discretion act upon it in the absence of a verified statement if the interests of justice so require.

Pa.R.A.P. 123(c).

Office of Unemployment Compensation Benefits Policy. The statement explained that that the Department issued the waiver, as permitted by Section 201(d) of the Continued Assistance for Unemployment Workers Act of 2020 (Pub.L. 116-260), 15 U.S.C. §9021(d), because "requiring payment of the overpayment would cause [Claimant] financial hardship and is contrary to equity and good conscience." Board's Brief at Appendix B. The Board likewise attached the March 28, 2025 notice of approved waiver request addressed to Claimant. *Id*.

Based on the foregoing, the Board believes that this matter presents no outstanding controversy because Claimant lacks a "legally cognizable interest in the outcome," and Claimant's Petition for Review should therefore be dismissed as moot. *Id*. at 15 (citing *Ladley v. Pennsylvania State Education Association*, 269 A.3d 680, 688 (Pa. Cmwlth. 2022)). In addition, notwithstanding our June 3, 2025 order, Claimant did not file a reply brief discussing the Board's arguments or otherwise express any opinion as to the mootness of this matter. Upon review, we will dismiss the Petition for Review and the Application.

A case will generally be dismissed as moot if no case or controversy exists. *Mistich v. Pennsylvania Board of Probation and Parole*, 863 A.2d 116, 119 (Pa. Cmwlth. 2004). A case or controversy requires: (1) a legal controversy that is real and not hypothetical; (2) a legal controversy that affects an individual in a concrete manner so as to provide the factual predicate for a reasoned adjudication; and (3) a legal controversy with sufficiently adverse parties to sharpen the issues for judicial resolution. *Id.* (citations omitted). The controversy must continue through all stages of litigation, including any appeal. *Id.* An issue can become moot on appeal as a result of an intervening change in the facts of a case, or due to an intervening change in the applicable law. *Id.*; *see also In re Gross*, 382 A.2d 116,

5

120 (Pa. 1978). "However, where the conduct complained of is capable of repetition yet apt to evade review, or the case involves questions important to the public interest, courts may decide the issue even if the present controversy is technically moot." *Gaffney v. City of Philadelphia*, 728 A.2d 1049, 1052 (Pa. Cmwlth. 1999).

Here, based on the factual developments that occurred following the filing of Claimant's Petition for Review, namely, the Department's grant of a waiver, we must conclude that a change in the facts during the pendency of this appeal has mooted the matter. Stated differently, given that Claimant's PFR only challenges the PUA nonfraud overpayment in the amount of $3,528.00, our review of the same would only pertain to the amount of the overpayment or the designation of the overpayment as nonfraud compared to fraud. Thus, the Department's decision to waive the overpayment altogether means there is nothing left to review, *i.e.*, no extant case or controversy.

Without argument from Claimant on the applicability of the exceptions to the mootness doctrine to the case at bar, we will not dwell on this part of our analysis. We note, however, that our precedent concerning the sufficiency of notice for an unemployment compensation referee's hearing is well-developed as a matter of the Board's own regulations and due process concerns. *See, e.g.*, *Volk v. Unemployment Compensation Board of Review*, 49 A.3d 38, 41-48 (Pa. Cmwlth. 2012). Because we have already opined on challenges similar to the one Claimant advances now, we do not believe any future such challenge would be likely to evade our review.

Given this disposition, the somewhat related but nevertheless distinct arguments raised in the Board's Application are now irrelevant. We therefore likewise dismiss the Board's Application as moot.

6

Accordingly, the Board's Application and Claimant's Petition for Review are dismissed as moot.

_____
MICHAEL H. WOJCIK, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lee E. Bryan,           :
                        :
         Petitioner   :
                        :
         v.              : No. 1362 C.D. 2024
                        :
Unemployment Compensation  :
Board of Review,        :
                        :
         Respondent :

## O R D E R

AND NOW, this 5th day of January, 2026, Lee E. Bryan's Petition for Review and the Unemployment Compensation Board of Review's Application to Quash are **DISMISSED** as moot.

_____
MICHAEL H. WOJCIK, Judge